STUART B. CLAWSON, Respondent, *v.* PIERCE-ARROW MOTOR CAR COMPANY, Appellant.

Fourth · Department, March 6, 1918.

**Motor vehicles — negligence — injury to pedestrian by automobile — when chauffeur not engaged in master's business.**

Action to recover damages for injuries caused to plaintiff, a pedestrian, who was struck by the defendant's automobile at the intersection of two city streets.   Evidence examined, and *held,* that a verdict for the plaintiff was warranted on the issues of negligence, contributory negligence and amount of damages.    .

However, the judgment will be reversed where it appears that at the time of the accident the chauffeur, employed by the defendant, was driving a seamstress employed by an officer of the defendant to her own home,

as directed by said officer whom the chauffeur had previously driven to his home, at which place the seamstress entered the car. Under the circumstances the chauffeur was not engaged in the defendant's business and hence the latter is not liable for his negligence.

The verdict cannot be sustained on the theory that although the defendant had no interest in delivering the woman to her home, the route pursued by the chauffeur was the same as that he would have taken had he been engaged in delivering the car to the garage as his regular employment required. This, because such holding would make the liability of the defendant depend upon the route taken rather than upon the business in which its chauffeur was engaged at the time of the accident.

APPEAL by the defendant, Pierce-Arrow Motor Car Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 26th day of April, 1917, upon the verdict of a jury for $8,500, and also from an order entered in said clerk's office on the 27th day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

*Maurice C. Spratt* and *Evan Hollister,* for the appellant.

*Ralph S. Kent* and *Allan M. Lynch,* for the respondent.

LAMBERT, J.:

The action is negligence and recovery has been had for personal injuries sustained when the plaintiff was struck by an automobile owned by the defendant.

The accident happened at the intersection of Crescent and Russell avenues in the city of Buffalo. The plaintiff was crossing Crescent avenue on foot. The automobile was proceeding southerly on Crescent avenue, and the proof justifies the inference that in his efforts to avoid striking the plaintiff the driver swung his car to the left and wrong side of the street, skidded and struck the plaintiff. The verdict upon the issues of negligence, contributory negligence and damages suffered by the plaintiff has the support of ample proof. The question presented and argued upon this appeal is the responsibility of the defendant company for the negligence of one Guenther, the driver of the car. His duties were to demonstrate automobiles to prospective purchasers.

The manufacturing plant of the defendant is located at North Buffalo. It maintained a sales department at the

corner of Main and Edward streets in said city. It was called its down town garage. At the time' of the accident and for several years before, one Pratt, living on Beard avenue, was in the defendant's employ as a sales manager. His duties required his attendance at the plant of the defendant daily. His residence was located about midway between the plant of the defendant and its down town garage. Pratt was an invalid. He walked with great difficulty. In these circumstances, with the knowledge of the executive officers of the defendant, a custom prevailed that demonstrators of automobiles should use their cars to take Pratt to the factory and home daily. The driver Guenther usually did it. In instances other demonstrating drivers performed the task. This had been the custom for several years. The cars used for such purpose were stored for the night, either at the plant at North Buffalo or at its down town garage, as convenience was best served. When the drivers lived down town the cars were usually stored at the sales garage to make its access convenient for its use to the demonstrator and the conveyance of Pratt to the plant.

Upon the day of the accident in question, at about five-thirty in the afternoon, Guenther took his demonstrating car and Mr. Pratt entered it, riding in the front seat beside the driver. Two other salesmen who lived down town also entered the car, for their own convenience, to ride to a point available in reaching their homes. At Pratt's house he left the car and as he did so directed Guenther to take into the car a Miss Henderson, his wife's seamstress, and take her to her residence on Niagara square. This involved the driving of this car to a point far beyond the sales garage room of the defendant. While the car was thus engaged in taking this sewing woman to her home, the accident involved occurred.

Under the ruling authorities in this State the defendant cannot be held liable for the injuries sustained by the plaintiff, unless Guenther, at the time of the accident, was in the service of the defendant. If he was following the direction of Pratt for a purpose in which the defendant was not interested, then it follows no liability attaches to the defendant.

There is a growing tendency on the part of the courts to

enlarge the rule of liability against owners who permit their cars to be used in the incidental business and affairs of third parties. The rule, however, has not yet been extended to justify liability in this case. At the time of the accident to the plaintiff, Guenther was under the direction of Pratt to deliver Miss Henderson at her apartments in a section of the city in which he was not required to go in any duty imposed by the defendant. It is argued in support of the verdict that, even assuming that the defendant had no interest in the delivery of this woman to her home, still the route pursued was the same that it would have been had Guenther been engaged merely in delivering the car to the city garage, as his regular employment required. This reasoning is unsound. To make that the controlling feature makes the test of liability to depend upon the route taken rather than the business in which he was engaged. The driver was directed to deliver Miss Henderson at her home purely for the accommodation of Miss Henderson and the Pratt family. He was in the pursuit of duty imposed by Pratt's direction when the accident happened. It was no part of his regular employment. It follows that the purpose, rather than the route pursued, is the controlling feature in the case.

The duties and scope of Guenther's employment are not in dispute and hence there is no room for contrary inferences.

The conclusion is compelled that at the time of this accident Guenther was not engaged in the business of the defendant. Inasmuch as the facts alleged in the complaint do not justify a recovery, the complaint should be dismissed, with costs.

All concurred.

Judgment and order reversed and complaint dismissed, with costs.