GEORGE F. FISCHER, Respondent, *v.* INTERNATIONAL
RAILWAY COMPANY, Appellant.

(Supreme Court, Erie Special Term, June, 1920.)

Negligence — contributory — damages — automobiles — street
railways.

> While one by permission of the owner was running an
> automobile on business of his own, it collided with a street
> railway car and was damaged. *Held,* that contributory negli-
> gence on the part of the borrower was not imputable to the
> owner of the car in an action brought by him against the rail-
> road company for damages.

APPEAL by defendant from a judgment in plaintiff's
favor rendered in the City Court of Buffalo.

Frederick R. Twelvetrees, for appellant.

Ralph Taylor, for respondent.

WHEELER, J.   The record shows the plaintiff was
the owner of an automobile, which he permitted one
Dritsan to use in Dritsan's own business.   While Drit-
san was running this automobile on business of his
own, he had a collision with a street car of the defend-
ant, in which the automobile was damaged.   Fischer,
the owner of the machine, sued the defendant for the
damages sustained by the automobile.   The trial court
found as matter of fact that both the defendant and
Dritsan who operated the machine were guilty of neg-
ligence.   The question presented to this court for
review is whether the contributory negligence of Drit-
san prevents a recovery against the International Rail-
way Company for its negligence.   The contention of
the railway company is that the negligence of Dritsan
is imputable to Fischer, the plaintiff.

The question is an interesting one in view of the conflicting decisions of the courts of various states. Dritsan was the bailee of the plaintiff Fischer. In some jurisdictions it has been held that the bailee stands in the shoes of the bailor, and if the bailment is injured by the negligence of a third party to which the negligence of the bailee contributes, there can be no recovery by the bailor against the third party. To this effect are the cases of *Welty* v. *Indianapolis & V. R. Co.*, 105 Ind. 55; *Moore* v. *Stetson*, 96 Me. 197; *Illinois Central R. Co.* v. *Sims*, 77 Miss. 325; *Puterbaugh* v. *Reasor*, 9 Ohio St. 484; *Forks Township* v. *King*, 84 Penn. St. 230; *Texas R. Co.* v. *Tankersley*, 63 Tex. 57.

On the other hand plaintiff's counsel cites the following cases as holding the contrary doctrine, viz.: *New York, L. E. & W. R. R. Co.* v. *New Jersey Electric Railway Co.*, 60 N. J. Law, 338, and cases cited in the opinion in that case. Also *Currie* v. *Consolidated R. Co.*, 81 Conn. 383; *Gibson* v. *Bessemer & L. E. R. R. Co.*, 226 Penn. St. 198; Van Zile Bailm. & Carr. § 128.

Plaintiff's counsel also calls the court's attention to the line of cases in this state holding that where the owner of a motor car permits its use by another exclusively for the borrower's benefit or pleasure, the owner is not responsible for the negligence of the borrower in its operation. *Van Baricom* v. *Dodgson*, 220 N. Y. 111; *Clawson* v. *Pierce Arrow Motor Car Co.*, 182 App. Div. 172, and many other decisions.

We think the case now up for review must be decided on broad general principles. Dritsan was not in any sense the agent for the plaintiff. He was not engaged in the plaintiff's business at the time of the accident. As the borrower and bailee of the plaintiff's property, he owed the duty to the plaintiff to handle the machine with care, and if the machine was damaged by his negligence the bailee became responsible

to the bailor for his acts. But the fact that the bailor had or has a cause of° action against the bailee certainly ought not to deprive the plaintiff of a cause of action against a third party whose acts also contributed to the injury. To say that where an injury is occasioned by the joint negligence of the bailee and a third party, the bailor must look to the bailee alone is to ignore the well-recognized rule that joint tort feasors are jointly and severally liable for the consequences of their torts. The injured party may sue both jointly, or each separately.

The doctrine is so elemental that it is difficult to see how a different conclusion in this case could have been reached.

As was said in *New York, etc., R. R. Co.* v. *New Jersey Electric Railway Co.,* 60 N. J. Law, 338: " In a contract of bailment of things for hire, the bailor is not responsible to a third party for injuries occurring to such third party by reason of the negligent use of the thing hired by the bailee, nor for the negligence of the servants of the bailee in respect thereto. The bailee does not stand in the place of the bailor nor represent him in such relation as to render the bailor liable for such injuries, nor are the servants of the bailee the servants of the bailor or in any sense acting for him, and the contract of bailment is in so far entirely an independent one, and the liabilities of the bailor and bailee to third parties are essentially independent of each other."

In *Rockland Lake Trap Rock Co.* v. *Lehigh Valley R. R. Co.,* 115 App. Div. 628, a scow lashed to the side of a tug which was towing it was injured in a collision with another tug owned by the defendant, and it was held that the owner of the injured tug was entitled to recover notwithstanding the concurrent negligence of the towing tug. In the course of the opinion in that

case Mr. Justice Woodward said: " It has been well said that there can be no such thing as imputable negligence except in cases where that privity which exists in law between master and servant and principal and agent is found. In order that the negligence of one person be properly imputable to another, the one to whom it is imputed must stand in such a relation of privity to the negligent person that the maxim *qui facit per alium, facit per se* is directly applicable."

It certainly would seem logical that where the owner of property loaned is not liable to third parties for the negligence of the bailee that the converse of the proposition should obtain and that such negligence, when contributory to the negligence of third parties, should not absolve the third parties from liability to the owner of property damaged.

The appellant cites the case of *Arctic Fire Insurance Co.* v. *Austin,* 69 N. Y. 470, 482, as sustaining the contention of the defendant. There a cargo of grain was shipped by boat and owing to negligence in the operation of another boat the cargo was damaged. There was evidence that the accident was occasioned in part by the negligence of the master of the boat carrying the grain, and the court held such contributory negligence a defense. That decision seems to have been based on the ground that owing to the peculiar relation existing between the shipper and carrier (where the carrier practically insured safe delivery to the consignee) the carrier became the agent of the shipper. In the course of the opinion, Judge Allen said: " The possession of the carrier is that of the merchant shipper; he is the bailee, and *quasi* the agent of the shipper. Whatever he does in the course of the service and bailment he does as the agent and representative of the owner, and if so, all the consequences of the negligence of the carrier will be visited

upon the owner of the freight to the extent of depriving him of any remedy over against a third party for losses to which the carrier, by his wrongful or negligent act, has contributed."

Whatever may be claimed for the case of *Arctic Fire Ins. Co.* v. *Austin,* we think its application should be confined to the particular facts there presented, and not extended to a case like that now under consideration where no possible agency can be claimed to exist.

We are of the opinion that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.