MAURICE C. SWARTOUT, Plaintiff, *v.* SIDNEY VAN AUKEN and Another, Defendants.

Supreme Court, Monroe County, May 1, 1928.

Motor vehicles — collision — action for injuries suffered when two automobiles collided — evidence justifies finding of negligence on part of defendant who was driving her husband's car, and also on part of plaintiff — counterclaim in favor of husband cannot be sustained for he is responsible for negligence of wife under Highway Law, § 282-e.

This action is to recover for injuries suffered by the plaintiff when an automobile which he was driving collided with an automobile owned by one of the defendants and being driven by the other, the wife of the owner. The accident occurred at a street intersection. The evidence justifies a verdict that the defendant driver was guilty of negligence, but on the other hand it also justifies the verdict of the jury that the plaintiff himself was guilty of contributory negligence.

The defendant owner cannot sustain a verdict in his favor to recover damages for injuries to the automobile, since his wife was operating the automobile with his consent and was acting as his agent, and he is responsible under section 282-e of the Highway Law for her negligence. Therefore, the contributory negligence of the wife bars the defendant owner from recovering.

The verdict in favor of the defendant owner is set aside and a new trial ordered unless he is willing to waive the verdict in his favor.

MOTION by the plaintiff to set aside the verdict of the jury and for a new trial upon the judge's minutes.

*Sutherland & Dwyer* [*Eric P. Smith* of counsel], for the plaintiff.

*Hubbell, Taylor, Goodwin & Moser* [*T. Carl Nixon* of counsel], for the defendants.

CUNNINGHAM, J.   An automobile driven by the plaintiff and one owned by the defendant Sidney Van Auken, and operated by the defendant Helen A. Van Auken, collided at the intersection of Goodman and Pearl streets in the city of Rochester. Each party seeks to recover damages for injury to his automobile. The jury found a verdict in favor of the defendant Sidney Van Auken for the full amount of the damages claimed.

The plaintiff was driving northerly on Goodman street and Mrs. Van Auken was proceeding easterly on Pearl street. The two cars came into collision at the intersection of the streets. The plaintiff

testified that just at or before the impact, seeing the danger confronting him, he tried to turn his car to the east into Pearl street. Whether he turned his car into Pearl street, or whether he was pushed there by the defendant's car, it is a fact that after the collision he was some distance down Pearl street to the east of the intersection; his car then proceeded northerly in the same direction it had been going before the accident and went up over the curb and the right-hand side thereof struck against a tree.

Neither party produced a map showing the place of the collision and the directions of the compass. Recourse was had to a rough diagram drawn with chalk on a blackboard and the jury did not have the benefit of this during their deliberations. This is a very unsatisfactory method of showing the scene of an accident and often results in confusing the court and the jury.

There was much testimony given to the effect that plaintiff's car stopped on the northeast side of Pearl street. If it were headed easterly then it would have been the left-hand side of the automobile that struck the tree. However, the other testimony in the case and the picture, Exhibit 2, show clearly that it was the right-hand side of the plaintiff's car that came into contact with the tree. It follows, as a matter of course, that the injury to plaintiff's car on the left-hand side thereof was caused by the collision. Exhibit 1 plainly discloses that the defendant's car struck the plaintiff's automobile head-on with considerable force. This picture discredits the testimony of Mrs. Van Auken to some extent and likewise corroborates in some particulars the testimony of plaintiff's witnesses. When the picture is given the import it should have and the evidence is considered as a whole, the preponderance thereof is to the effect that Mrs. Van Auken was negligent and a finding to the contrary is against the weight of the evidence. On the other hand, the jury might have found, as it did, that the plaintiff was driving at a rapid rate of speed and did not use due care and caution in entering and attempting to cross the intersection.

The defendant Sidney Van Auken seeks to sustain the verdict in his favor upon the theory that he is not chargeable with the contributory negligence of his wife. Mrs. Van Auken was driving her husband's car with his consent but for her own purposes and not upon his business. Before the enactment of section 282-e of the Highway Law he would not have been responsible for the negligent conduct of his wife while she was driving. (*Van Blaricom* v. *Dodgson,* 220 N. Y. 111.)

The section added to the Highway Law (Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730) provides that the owner of a motor vehicle " shall be liable and responsible for * * * injuries

to * * * property resulting from negligence in the operation of such motor vehicle, * * * by any person * * * operating the same," in case it is being used with the consent of the owner.

The defendant contends that this section applies only to liability for injury to the person or property of another caused by the negligence of the person to whom the car is loaned and that it is not applicable in case the lender's own property is damaged through the concurring negligence of the person using it and the third party. The claim is made, therefore, that Mr. Van Auken cannot be charged with the contributory negligence of his wife.

The Court of Appeals, speaking of this section, said: " It made the owner of a motor vehicle liable for the negligence of a driver who operated it for his own purposes with the assent of the owner." (*Cohen* v. *Neustadter*, 247 N. Y. 207, 210.)

Before the enactment of this law the owner of the car was relieved from liability upon the ground that the borrower was not his agent. (*Van Blaricom* v. *Dodgson, supra.*)

The statute has the effect of making the owner and the borrower principal and agent.    (*Psota* v. *L. I. R. R. Co.*, 246 N. Y. 388.)

The court in that case said that the Legislature had changed the law " so as to make the owner liable for the negligence of the person to whom he loaned the car in connection with its operation upon the highway.   Such person was no longer a stranger to the owner, but became to this extent the owner's agent.   * * *   It placed the borrower of a car in the same position toward the lender as that of master and servant, principal and agent."

Mrs. Van Auken was acting as the agent of her husband, so her contributory negligence is a bar to a recovery by him.   (*Wood* v. *Coney Island & Brooklyn R. R. Co.*, 133 App. Div. 270; *Koslovki* v. *International Heater Co.*, 75 id. 60; affd., 178 N. Y. 631.)

The verdict in favor of Mr. Van Auken is contrary to the evidence and must be set aside.   However, as the plaintiff was found, upon sufficient evidence, to be also negligent, it seems to me that there should not be a retrial of this case if the defendant be willing to waive the verdict in his favor.

The verdict is set aside and a new trial ordered unless the defendant Sidney Van Auken shall within ten days file a stipulation waiving the verdict of $515 rendered in his favor.   In the event that such stipulation shall be filed the motion is denied.