SECURED FINANCE COMPANY, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

MARCH 12, 1929.

*Peisen & Soper*, for appellant.

*J. G. Gamble, A. B. Howland*, and *R. L. Read*, for appellee.

ALBERT, C. J.—I.   One Jacob Hutt, plaintiff's assignor, was the owner of a certain Star touring car, and on the 30th day of September, 1925, he loaned said automobile to one Thomas, who took possession of the same, and while driving said car, on business of his own, he had a collision with one of the freight trains of the defendant.  Hutt's claim for damages resulting therefrom being assigned to the plaintiff, it brought action thereon, asking damages in the sum of $750.

The defendant answered, and among other things pleaded that the car was being driven by Thomas with the express consent and permission of Hutt, the owner; that the collision was caused and occasioned by the direct negligence of the driver, Thomas; that such direct negligence on the part of Thomas contributed to the accident and damage; and that such contributory

negligence on the part of Thomas is imputable to the owner of the car, Jacob Hutt.

Motion was made to strike these allegations of defendant's answer, which motion was overruled. The cause proceeded to trial, and a motion for a directed verdict in behalf of the defendant was sustained, on the ground that the negligence of Thomas was imputable to Hutt, and was binding upon the plaintiff. Judgment was entered accordingly; hence this appeal.

The assignee herein, the plaintiff, claims no further or higher rights. than has its assignor, Hutt; hence the only question raised and argued in the case is whether or not the negligence of Thomas, which contributed to this injury, is imputable to Hutt, and through him to the plaintiff.

If it be assumed, for the sake of this division of the argument, that the relation between Hutt and Thomas was that of bailor and bailee, the question is: Is the contributory negligence of the bailee imputable to the bailor in an action based on the negligence of a third party? There are many cases in the early history of this country that hold that such negligence is imputable to the bailor, but the weight of authority at the present time seems to be that such contributory negligence is not imputable to the bailor. To one who wishes to pursue this question in detail, the attitude of the various courts will be found in 6 A. L. R. 316; 3 Ruling Case Law 147, Section 70; *Gibson v. Bessemer & Lake Erie R. Co.*, 226 Pa. St. 198 (27 L. R. A. [N. S.] 689, 690); 6 Corpus Juris 1168; *Davis v. Morgan County*, 209 Ala. 343 (96 So. 473); *Cain v. Wickens*, 81 N. H. 99 (122 Atl. 800, 30 A. L. R. 1246); *Oster v. Chicago & A. R. Co.* (Mo. App.), 256 S. W. 826.

An analysis of the theory underlying this question develops the following situation:

The holdings which developed this theory of nonliability on the part of the bailor for the contributory negligence of the bailee arose in this way: The consensus of all holdings, including our case of *Neubrand v. Kraft*, 169 Iowa 444, was that the bailor of an automobile is not responsible to third persons for the negligence of the bailee. This was the rule at common law. In other words, the holding was that the negligence of the bailee was not imputable to the bailor in case of injury done by the bailee.

It logically follows that the converse of this proposition should obtain where the bailor so complains of injury to the property in the hands of the bailee,—that the negligence of the bailee should not be imputed to the bailor. This is the theory upon which the majority rule seems to be based. It is well illustrated by a statement in the case of *Fischer v. International R. Co.*, 112 Misc. Rep. 212 (182 N. Y. Supp. 313), where it is said:

"It certainly would seem logical that, where the owner of property loaned is not liable to third parties for the negligence of the bailee, that the converse of the proposition should obtain, and that such negligence, when contributory to the negligence of third parties, should not absolve the third parties from liability to the owner of property damaged."

It is axiomatic that, when the reason for a rule fails, the rule itself must fail.

Under Section 5026 (Codes of 1924 and 1927), the owner of an automobile is liable for damages done with a car, when driven by another person with the consent of the owner, through the negligence of the driver. This statutory provision, therefore, makes the owner liable for all damages done by his car while being driven by another with the owner's consent. This strikes out the foundation underlying the reason for the adoption of the rule that the contributory negligence of the driver was not imputable to the owner; or, as ordinarily expressed, the contributory negligence of the bailee is not imputable to the bailor. That rule being no longer in force in this state, the reason on which the contributory-negligence rule was formerly based is taken away; hence the rule must fail, because of the want of proper reason supporting it.

II. Section 5026, Code of 1927, reads as follows:

"In all cases where damage is done by any car driven by any person under fifteen years of age, and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

It will be noted that this section is broad enough to cover all of the legal relations of principal and agent, master and servant, bailor and bailee. The purpose of the section was to create

an absolute liability under the circumstances marked out in this section. We had this section before us in the case of *Maine v. James Maine & Sons Co.*, 198 Iowa 1278, where we said:

"The statute defines a new relation or situation of the parties, where a liability on the part of one for the negligence of the other shall exist. In effect, it makes the one who uses an automobile with the consent of the owner, the agent of the latter. It may be said to be a statutory extension of the doctrine of *respondeat superior* to a relation to which, under the common law, it did not apply, or to create a liability on the part of one for the negligent act of the other, analogous to that expressed in that phrase."

It naturally follows that, if this statute creates the relation of principal and agent, then the rule is too well settled to need support of authority, that the negligence of the agent is imputable to the principal.

In the case of *Psota v. Long Island R. Co.*, 246 N. Y. 388 (159 N. E. 180), the New York Supreme Court, in reviewing a statute similar to ours, said:

"Prior to the enactment of this section, the law was that an owner was not liable for the negligence of a person to whom he had loaned his car, whether that person were a member of his family, a servant on a personal errand, or a stranger. * * * The legislature determined to change this law, and did change it by this section of the Highway Law, so as to make the owner liable for the negligence of a person to whom he loaned the car, in connection with its operation upon the highway. Such person was no longer a stranger to the owner, but became, to this extent, the owner's agent. The owner assumed this liability, under the law, and took this risk in loaning his car. * * * It placed the borrower of a car in the same position toward the lender as that of master and servant, principal and agent; but it did not increase the liability of the lender beyond that of the master for those acts of his servant coming within the scope of his employment."

These cases seem to be the latest expression we have been able to find on the question of the new relation created. Both our case and the New York case show that the relation created by this section of the statute is that of principal and agent.

This relation between the holder and the borrower of a car having been created, the reason given by the other courts for the establishment of the rule,—that contributory negligence of the borrower is not attributable to the lender,—ceases; and we can reach no other conclusion than that, when our statute changing this rule is taken into consideration, the contributory negligence of the borrower of a car, in case the car is injured by a third party, is imputable to the holder or owner of the car.

This is the conclusion reached by the district court, and with it we agree.—*Affirmed.*

STEVENS, DE GRAFF, MORLING, and WAGNER, JJ., concur.