ANNA SHULER, Plaintiff, *v.* WHITMORE, RAUBER & VICINUS, Defendant.

Supreme Court, Wayne County, December 26, 1930.

*Marsh & Van Duser* [*Philip M. Liebschutz* of counsel], for the plaintiff.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave* [*W. Clyde O'Brien* of counsel], for the defendant.

TAYLOR, J. The action is to recover for personal injuries and damages to plaintiff's automobile, resulting from a collision between said automobile and a truck owned by defendant and operated by its agent. It is alleged in the complaint that the accident occurred at a time when plaintiff was a passenger in an automobile owned by her and operated by one Katherine Tack. The answer admits that a collision occurred between defendant's truck and an automobile in which plaintiff was riding, and denies negligence on its part.

This motion is made by defendant under subdivision 2 of section 193 and section 211-a of the Civil Practice Act, to bring in Katherine Tack, the operator of plaintiff's automobile, as a party defendant.

Subdivision 2 of section 193 permits a defendant to bring in a third person if such defendant "shows that some third person, not then a party to the action, is or will be liable to such party, wholly or in part for the claim made against such party in the action." Section 211-a authorizes an action by one joint tort feasor against another for contribution under circumstances therein prescribed. In the case of *Haines* v. *Bero Engineering Construction Co.* (230 App. Div. 332) it is held that the liability contemplated by subdivision 2 of section 193 may exist by virtue of the provisions of section 211-a. In that case, in reversing an order denying defendant's motion for leave to bring in a third person, the court said: "Where, on a motion such as this, the moving party shows that he can adduce evidence on the trial which would clearly warrant the jury in finding concurring proximate, if not sole, negligence on the part of some third person, we think he ' shows,' within the meaning and intent of section 193, subdivision 2 of the Civil Practice Act (as amd. by Laws of 1923, chap. 250), ' that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action.' That liability exists by virtue of the provisions of section 211-a of the Civil Practice Act (as added by Laws of 1928, chap. 714), provided the third person is brought into the action so that the finding may eventuate in a joint judgment. The burden then falls upon the party objecting to show that his rights will be substantially prejudiced as a result of the proposed joinder. (*Sherlock* v. *Manwaren*, 208 App. Div. 538, 542.) Among other matters which might be prejudicial would be the improbability of a joint judgment; for then the presence of other parties in the action would serve no good end."

In view of this decision, the defendant should succeed on this motion, if it has shown that a joint judgment will probably result if defendant is permitted to bring in the operator of plaintiff's car.

The pleadings and the affidavits, presented in support of the motion, show that defendant will probably be able to adduce evidence on the trial that will support a finding that the accident was due to the concurrent negligence of the operator of plaintiff's car and the operator of defendant's truck. Nothing of the relation between the plaintiff and the operator of her car appears, except what may be inferred from the allegation of the complaint, that the collision occurred "while the plaintiff herein was a passenger in an automobile * * * owned by herself and operated by Katherine Tack." Assuming, as defendant contends, that plaintiff under this allegation is charged with no greater responsibility for the negligence of the operator than that imposed by

statute upon the lender of an automobile when it is being used in the business or for the purposes of the borrower with the assent of the lender, plaintiff is "liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle." (Vehicle & Traffic Law, § 59, formerly Highway Law, § 282-e.)

The measure of liability and responsibility is to be determined under common-law principles applicable to the relation of master and servant, principal and agent. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388.)

At common law the negligence of the servant, acting within the scope of his employment, was imputed to the master and barred a recovery by the master against third persons, if the negligence of the servant contributed to the injury or damage. (*Wood* v. *Coney Island, etc., R. R. Co.*, 133 App. Div. 270; *Smith* v. *N. Y. Central & H. R. R. R. Co.*, 4 id. 493; *Koslovki* v. *International Heater Co.*, 75 id. 60; affd., 178 N. Y. 631; *Swartout* v. *Van Auken*, 132 Misc. 89.)

The showing, therefore, made by defendant on this motion is that it will probably be able to adduce evidence that will result in wholly defeating plaintiff's claim, rather than evidence that may result in a joint judgment against itself and the operator of plaintiff's car. Under such circumstances the motion should be denied. (*Haines* v. *Bero Engineering Construction Co., supra; Greenhouse.* v. *Rochester Taxicab Co.*, 218 App. Div. 224.)

The claim is made that the responsibility imposed upon the owner of a motor vehicle by section 59 of the Vehicle and Traffic Law does not include injury to the person or damage to the property of the lender. The statute contains no such restriction, nor does any good reason why its effect should be so limited suggest itself. If the negligence of the operator is imputable to the owner in actions by third persons against the owner, the converse must also be true, that is, the negligence of the operator will be imputable to the owner in actions by the owner against third persons.

While I have been unable to find any case arising in this State where the question has been presented, the Supreme Court of the State of Iowa, in the case of *Secured Finance Co.* v. *Chicago, Rock Island & Pacific Railroad Company* (224 N. W. 88; 61 A. L. R. 855), has held that the contributory negligence of the borrower of an automobile, in case the car is injured by a third person, is imputable to the owner, in view of the statute making the owner liable for any damage done by the car by reason of the negligence of one who is driving with the consent of the owner.

See decision filed concurrently herewith, denying the motion, with ten dollars cost to abide the event.