HAZEN A. GOCHEE, Respondent, v. JOHN A. WAGNER, Appellant.

Fourth Department, May 13, 1931.

*Edward A. Wolff* [*George R. Fearon* and *Henry R. Follett* of counsel], for the appellant.

*James T. Cross*, for the respondent.

SEARS, P. J. The plaintiff received bodily injuries in a collision between an automobile owned by him and driven at the time by his wife, and an automobile owned and operated by the defendant. The plaintiff's automobile was also damaged. The action was

brought by the plaintiff to recover damages for his physical injuries and injuries to his automobile, which he claimed resulted from the defendant's negligence.

The learned trial justice, instead of leaving the case to the jury to return a general or special verdict in its discretion, and although no motion for a nonsuit or direction of a verdict was pending (Civ. Prac. Act, § 459), submitted a series of questions with instruction to the jury to return a special verdict thereon. On the special verdict consisting of answers to the questions submitted, a verdict in favor of the plaintiff for his damages was directed by the court. The practice adopted was acquiesced in by both parties to the action. The question whether the common-law relation of master and servant or principal and agent existed between the plaintiff and his wife at the time of the accident was not submitted to the jury, and no request for its submission was made.

The jury found that the plaintiff himself was free from negligence, that his wife was negligent, that her negligence caused or contributed to cause the accident, that the defendant was negligent, that his negligence caused or contributed to cause the accident, and that plaintiff's damages amounted in all to the sum of $3,625. It was undisputed in the case that the plaintiff's wife was driving the car with the express permission of her husband. The defendant does not contend upon this appeal that her operation of the car was subject to the plaintiff's direction or control.

The defendant argues that the judgment is erroneous because under the provisions of section 59 of the Vehicle and Traffic Law, as he claims, the contributory negligence of the plaintiff's wife operating the car with the plaintiff's consent bars a recovery by the plaintiff. The pertinent provision of section 59 of the Vehicle and Traffic Law is as follows: " Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

At common law the negligence of the driver of a motor vehicle under the circumstances specified in the statute is not attributable to the owner. (*Van Blaricom* v. *Dodgson*, 220 N. Y. 111; *Heissenbuttel* v. *Meagher*, 162 App. Div. 752; affd., 221 N. Y. 511; *Fischer* v. *International R. Co.*, 112 Misc. 212; *Spelman* v. *Delano*, 177 Mo. App. 28; *Rockland Lake Trap Rock Co.* v. *Lehigh Valley R. R. Co.*, 115 App. Div. 628.)

The statutory provision now contained in section 59 of the

Vehicle and Traffic Law (formerly section 282-e of the Highway Law, added by Laws of 1924, chap. 534; as amd. by Laws of 1928, chap. 508) changed this rule so that an owner should be held responsible to third parties for the negligence of a driver under such circumstances. In *Plaumbo* v. *Ryan* (213 App. Div. 517) the purpose of the statute is stated to be to " prevent an owner from escaping liability by saying that his car was being used without authority or not in his business." In construing it, consideration must be given to the law as it existed when the statute was enacted and to the mischief which it was designed to remedy. (*Woollcott* v. *Shubert*, 217 N. Y. 212; *Cohen* v. *Neustadter*, 247 id. 207.) It is now claimed that it also restricts the owner's common-law right of recovery against a negligent third party. The argument is based upon the theory that the statute constitutes the driver operating the owner's car with the owner's permission, the agent or servant of the owner so that the driver's negligence is in all cases imputed to the owner. The argument, in my judgment, is not sound. Neither the word " agent " nor the word " servant " is used in the statute. A situation arises, to be sure, by virtue of the statute in cases where liability and responsibility are sought to be imposed upon an owner in favor of an injured third person, which is analogous to the situation arising in a similar case where the driver is in fact the agent or servant of the owner. It is often convenient, therefore, to discuss the situation arising under the statute in terms of agency as was done in *Psota* v. *Long Island R. R. Co.* (246 N. Y. 388), but the analogy is limited by the very terms of the statute to cases involving the liability and responsibility of the owner.

No such situation is involved in this case. Here we are dealing with the liability and responsibility of a third party to the owner, not the liability and responsibility of the owner. While the statute is remedial, it is remedial solely in favor of an injured third person. It is not to be wrenched out of its intended purpose and its language distorted in order to conform it to the conventional pattern of common-law agency. The driver is not in fact the agent of the owner and the statute does not make him such. No intention can be found in this statute to broaden the scope of the doctrine of contributory negligence. The modern trend of the law is rather to limit the effect of that doctrine. In my opinion, therefore, the trial court was right in holding that section 59 of the Vehicle and Traffic Law had no application to this case.

The judgment and order should, therefore, be affirmed, with costs.

All concur, except TAYLOR and CROSBY, JJ., who dissent in an opinion by CROSBY, J., and vote for reversal on the law and for

judgment dismissing the complaint upon the special verdict of the jury. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

CROSBY, J. (dissenting).  By special findings of the jury we have a case where plaintiff was injured through the concurring negligence of the defendant and of plaintiff's own wife while plaintiff was riding in his own car driven by his wife.  There is a further finding that plaintiff was free from any personal negligence.  The question is whether or not plaintiff is deprived of his right to recover from the defendant by reason of section 59 of the Vehicle and Traffic Law, which reads:

" § 59. Negligence of operator other than owner attributable to owner.  Every owner of a motor vehicle or motorcycle operated upon a public highway shall be liable and responsible for death or injuries to person. or property resulting from negligence in the operation of such motor vehicle or motorcycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

Attention has been called to no case in this State where the question has been squarely presented, excepting the case of *Swartout* v. *Van Auken* (132 Misc. 89; affd., 227 App. Div. 644, on other grounds, and without deciding the precise question now before us).  However, the Supreme Court of the State of Iowa, in construing a statute which provided that in all cases where damage is done by a car driven, by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage, held that the owner of the car was barred from recovery for damages to his car caused by the concurring negligence of the driver and a third person.  That statute, like our own, went no further, by its terms, than to make the owner liable for damage done *by* his car when operated negligently by one driving it with the consent of the owner.  Yet the owner was, in those circumstances, held to responsibility for damage *to* his car.  (*Secured Finance Co.* v. *Chicago, Rock Island & Pacific R. R. Co.*, 207 Iowa, 1105.)

Section 59 of our Vehicle and Traffic Law is quite similar to the Iowa statute.  In *Psota* v. *Long Island R. R. Co.* (246 N. Y. 388) our Court of Appeals had occasion to place a construction upon that section, then section 282-e of the Highway Law.  In that case there was a recovery in favor of passengers riding in an automobile owned by the defendant Andrews and driven by one Nash.  The defendant railroad company was exonerated by the jury.  The judgments in favor of the plaintiffs were reversed by the Court of Appeals on the ground of errors in two respects.  The first error was obvious

enough, for the trial court had declined to permit the owner of the car, the defendant Andrews, to prove that Nash was driving the car without her consent, either express or implied. Such proof if made, and believed by the jury would clearly take the owner outside the operation of the statute.

In pointing out the second error the Court of Appeals laid down a rule that is pertinent to the instant case. The court said: " Prior to the enactment of this section [now section 59 of the Vehicle and Traffic Law] the law was that an owner was not liable for the negligence of a person to whom he had loaned his car, whether that person were a member of his family, a servant on a personal errand or a stranger. [Citing cases.] The Legislature determined to change this law and did change it by this section of the Highway Law so as to make the owner liable for the negligence of a person to whom he loaned the car in connection with its operation upon the highway. Such person was no longer a stranger to the owner, but became to this extent the owner's agent."

This theory of a relation of principal and agent between the owner of a car and the person driving it with the owner's consent is consistently carried through to its logical conclusion in the *Psota* case, for the court pointed out that it is the owner's privilege to limit the scope of the agency, and the second error committed by the trial court in that case was its refusal to permit the owner, Andrews, to prove " that Nash in taking in the children acted contrary to her instructions and without the scope of his employment."

Thus it is seen that, by the interpretation placed upon section 59 by our highest court, the owner is not liable absolutely and in every case where damage is done by his car while the same is being negligently operated by one driving it with is consent, even though the literal wording of the statute would seem to lead to that result. The effect of the statute is to make the driver, with consent of the owner, an agent of the owner, rather than a gratuitous bailee, as formerly. And when the driver keeps within the scope of the agency agreed to by the owner, then and then only is the owner liable for the damage done.

The effect of the statute being to make the owner and driver principal and agent, the plaintiff in the instant case should not recover, for it cannot be said that plaintiff's wife was not fully within the scope of her agency in driving her own husband home from his work in his own car. I am of the opinion that the section of the statute above quoted is a bar to plaintiff's recovery, under the special findings of the jury in this case that plaintiff's wife was guilty of negligence which contributed to his injury.

Our attention has been called to a singular result that might flow from a holding that an owner would be liable for damage done by his car, when negligently operated by a third party who had his consent, but at the same time could recover for damage done to his car through the concurring negligence of his driver and a third person: Suppose the cars of A and B were driven by C and D, their respective chauffeurs, and the cars collided, due to the negligence of both C and D. A and B could recover from each other the damages to their respective cars.

The judgment in favor of plaintiff should be reversed and the complaint dismissed, with costs.

TAYLOR, J., concurs.

Judgment and order affirmed, with costs.