BERTHA NANNES, Respondent, *v.* IDEAL GARAGE, INC., and Another, Defendants, Impleaded with BENJAMIN BACHRACH, Appellant.

Supreme Court, Appellate Term, First Department, February 8, 1934.

*Morris Eisenstein*, for the appellant.

*Meyer Alterman* [*Louis V. Rivera* of counsel], for the respondent.

SHIENTAG, J.   The plaintiff's automobile, while being driven with his permission by his bailee, was involved in a collision with a car owned by the defendant Bachrach.   Plaintiff was not in his car at the time of the accident.   He sued the bailee and Bachrach for injury to his, the plaintiff's, car, alleging that both the bailee and Bachrach were negligent.   Defendant Bachrach contends that the allegation of the bailee's negligence makes the complaint bad as against him; that under section 59 of the Vehicle and Traffic Law (formerly section 282-e of the Highway Law) the bailee becomes the servant or agent of the owner; and that being so, the negligence of the bailee is under the statute imputed to the owner and precludes the latter from recovering as against the moving defendant.   The Appellate Division, Fourth Department, held, by a divided court, that the statute did not restrict the owner's common-law right of recovery against a negligent third party (*Gochee* v. *Wagner*, 232 App. Div. 401).   The Court of Appeals did not pass upon this construction of the statute.   It reversed the determination below upon the ground that the owner was in the car at the time of the accident, holding that " the statute does not affect the common-law liability of an owner present and in control of his car.   Neither does it have the effect of making more favorable his position under like circumstances when he sues to recover damages for personal injuries or injury to his car.   In either situation, the common-law rule applies and the negligence of the driver of his car is imputed to him."   (*Gochee* v. *Wagner*, 257 N. Y. 344, 348.)

Section 59 of the Vehicle and Traffic Law has been the subject of much judicial scrutiny and analysis.   It provides as follows: " Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

" There are three points to be considered in the construction of all remedial statutes: The old law, the mischief and the remedy." (1 Black. Comm. Introd. 87.)   Statutes that are remedial and not penal are to receive an equitable interpretation effectually to meet the beneficial end in view.   They are to be construed liberally. It is " the duty of the judges to make such a construction as should

repress the mischief and advance the remedy." (1 Kent Comm. 465.)

Prior to the enactment of the statute " the law in this jurisdiction was firmly established that the owner of a vehicle was not liable for negligent injury caused in its operation by another unless at the time it was being used on his business. * * * The owner was not liable for the negligence of a person to whom he had loaned his car, whether a member of his family or a stranger, while the car was being used upon the business or pleasure of the borrower." (*Gochee* v. *Wagner*, 257 N. Y. 344, 346.) The effect of the statute was " to render obsolete the doctrine of such cases as *Van Blaricom* v. *Dodgson* (220 N. Y. 111) and *Potts* v. *Pardee* (220 N. Y. 431, 436). Liability is no longer dependent upon use or operation by a servant in the ' business ' of a master. Liability is dependent upon legal use or operation in business ' or otherwise,' with permission or consent." (*Fluegel* v. *Coudert*, 244 N. Y. 393, 394.) The driver to whom the owner intrusted his car " was many times financially unable to respond in damages, and the injured party, who was entirely innocent in the transaction, was without redress. It was to remedy such a situation that the statute was enacted." (*Glennie* v. *Falls Equipment Co.*, 238 App. Div. 7, 12.) (See, also, *Plaumbo* v. *Ryan*, 213 App. Div. 517.)

In considering this statute the courts have always stressed the remediless plight of injured persons under the old law. It was that condition which the statute was designed to remedy. The statute was intended to broaden the liability of an owner of an automobile who intrusted its operation to another; it was not intended to restrict the liability of an owner whose motor vehicle caused injury. By its very terms the statute is limited to the liability and responsibility of an owner for injuries resulting from the negligent operation of his car. It imposes a new rule of liability for injury by the owner's car; it does not purport to lay down any new rule for injury to the owner's car.

" The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied." (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388.) The provisions of a statute should always be read in the light of its history and purpose.

The appellant places much reliance on a statement in a case decided by the Court of Appeals that the statute places the " borrower of a car in the same position toward the lender as that of master and servant, principal and agent." (*Psota* v. *Long Island R. R. Co.*, *supra*, 393.) In a later case the same court had occasion to consider the expression just quoted. " One who borrows a car,"

it held, " is not an agent of the owner. He uses the car for his own business or pleasure, and not for any purpose in which the owner is interested. Neither is he a servant of the owner. He is not subject to his direction or control. True it is that, in discussing the effect of section 282-e, it has been said that the borrower occupies the relation of a servant or agent of the owner and that the owner's liability in case of an injury incurred by the borrower's negligence is the same as it would have been if caused by an agent or servant acting in the owner's business within the scope of his employment. * * * Such expressions indicate the nature and extent of the liability but not the basis or principle upon which the liability is predicated. The statute created a liability where none existed before its enactment." (*Gochee* v. *Wagner, supra*, 347.) It should always be borne in mind that " it is a rule of universal application that general expressions used in a court's opinion are to be taken in connection with the case under consideration." (*Bramwell* v. *U. S. Fidelity Co.*, 269 U. S. 483, 489.)

The Re-Statement of the Law of Torts leaves the question open. It is held to be one of statutory construction. " The purpose of the statute may be to give to persons injured by the negligent operation of automobiles an approximate certainty of an effective recovery by making the owner, who is likely to have taken out insurance to cover his liability, responsible, as well as the possibly or probably irresponsible person whom he permits to drive his car. If so, it may not be intended to make the owner responsible for all purposes for the manner in which the car is driven." (Re-Statement of Torts, Tentative Draft No. 10, adopted May, 1933, pp. 44, 45.)

We are not unmindful that in considering a statute similar to ours the Supreme Court of Iowa has held that one who borrows an automobile becomes by force of the statute the agent of the lender in the operation of the car, and that it necessarily follows that in an action against a third party the negligence of the borrower is imputable to the lender. (*Secured Finance Co.* v. *Chicago, R. I. & P. R. Co.*, 207 Iowa, 1105.) We hold that " while the statute is remedial, it is remedial solely in favor of an injured third person; it is not to be wrenched out of its intended purpose and its language distorted in order to conform it to the conventional pattern of common-law agency. The driver is not in fact the agent of the owner, and the statute does not make him such. No intention can be found in this statute to broaden the scope of the doctrine of contributory negligence." (*Gochee* v. *Wagner*, 232 App. Div. 401, 403.) (See, also, *Webber* v. *Graves*, 234 App. Div. 579.)

Order affirmed, with ten dollars costs.

All concur; present, HAMMER, CALLAHAN and SHIENTAG, JJ.