Rose J. Renza and John Renza, Plaintiffs, *v.* Lawrence C. Brennan, Jr., and Joseph White, Defendants.

County Court, Westchester County, November 30, 1937.

*Charles Driggs Lewis*, for the plaintiffs.

*Howard H. Schreck*, for the defendants.

King, J. The action is for property damage to the automobile of Rose J. Renza sustained in a collision with a motorbus owned by the defendant Brennan and operated by the defendant White. Plaintiff John Renza, driver of plaintiff's car, sought damages for personal injuries to himself, but consented to dismissal of his complaint at the close of the plaintiffs' case. The jury found a verdict for the defendants. Plaintiff's counsel moves to set aside the verdict and for a new trial on several grounds, but particularly on the ground that the court erred in charging the jury, substantially, that if the accident resulted from the combined negligence of the operators of both vehicles their verdict must be for the defendants.

Admittedly John Renza was driving the car of Rose J. Renza with her permission, but on an errand of his own. Admittedly, too, Rose J. Renza was not present therein at the time of the acci-

dent. Therefore, at common law, John Renza was neither agent, servant nor employee of Rose J. Renza, and the doctrine of *respondeat superior* would not apply as between them. The question presented is whether or not section 59 of the Vehicle and Traffic Law has changed this relationship. The applicable portion of this section, together with the title thereof, follows:

" § 59. Negligence of operator other than owner attributable to owner. Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

First, let us note the title of the section. The Legislature enacted these words. True, they were enacted as a title, and a title is but a guidepost, but even in this capacity it should not be ignored.

Counsel for plaintiff freely admits that the Legislature has fastened upon his client herein a new responsibility (unknown at common law). He claims, however, that it is a responsibility to answer to others for damage done to them and that the common-law immunity from the negligence of the bailee still exists when the damage is to bailor's car and the bailor is a plaintiff rather than a defendant.

I do not so construe the statute. Do the words " responsible for * * * injuries to * * * property " fix responsibility for injuries only to property of others? The statute does not so state. Where are the words that exempt the bailor's property from this " responsibility? " To hold with plaintiff's counsel in his argument would be to interpolate into the statute something which is not there in order to create an inequality among users of the highways which would be as shocking as it would be unjust.

Judge WILDER, in *Darrohn* v. *Russell* (154 Misc. 753), stated the problem thus: " But, in abrogating the common-law rule of non-liability where the car is not operated in the owner's service, does the statute destroy both immunities or but one? Is it both a sword and a shield? Does it impale him upon a new liability to third persons but protect him from responsibility for his own damage? "

Judge WILDER goes on to conclude that the owner is barred by the negligence of his bailee, adding that " he shall not be permitted to capitalize a situation identical with that for which he is expressly made responsible, and, in the phrase of Judge TOMPKINS of this court, that the Legislature has not generated and the courts will not sponsor, a hybrid offspring."

Directly *contra* is the decision of the Appellate Division, Fourth Department, in *Gochee* v. *Wagner* (232 App. Div. 401). There, by a divided court, two justices dissenting, it was held that " While the statute is remedial, it is remedial solely in favor of an injured third person. It is not to be wrenched out of its intended purpose and its language distorted in order to conform it to the conventional pattern of common-law agency." Also *contra* is *Nannes* v. *Ideal Garage, Inc.* (150 Misc. 522), decided by the Appellate Term, First Department.

*Gochee* v. *Wagner* (*supra*) was reversed by the Court of Appeals (257 N. Y. 344), but the reversal is based upon the ground that, since the owner or bailor was present in his car at the time of the accident and had dominion over it, the statute did not apply, and the common law made him responsible for his operator's negligence. Thus the decision rests upon common-law grounds and is not helpful to the problem at bar. So, also, with *Levin* v. *Dunlop* (243 App. Div. 549), decided in the Second Department. There the accident happened in New Jersey. The New York statute could not be applied, and the decision is based upon common-law principles.

The shocking effect of the holding of the Appellate Division in the *Gochee* case could hardly have been more strikingly illustrated than in the trial of the case at bar, for, tried with it before the same jury was a companion action in which the present plaintiffs were defendants and the defendant Brennan was the plaintiff. He sued for damages to his motorbus. Was the jury to be charged in the case at bar that the sole issue was the negligence of the defendant, because the negligence of John Renza (even if found) could not bar the recovery of Rose J. Renza, and at the same time be charged in the case of Brennan v. Renza that Rose J. Renza was answerable for the negligence of John Renza?

An even greater absurdity was presented in the City Court of Rochester in *Darrohn* v. *Russell* (*supra*). There two borrowed cars collided, each being operated upon the business of the borrower. The owners sued each other for damages to the respective cars. Both drivers were found to be negligent. The judgment of the court, following *Gochee* v. *Wagner*, would be to award each his damage against the other. Is it any wonder that Judge WILDER declined to sponsor such a " hybrid offspring? "

Motion to set verdict aside and for a new trial denied.