[Sac. No. 5504. In Bank. Jan. 21, 1942.]

DORIS MILGATE, a Minor, etc., et al., Plaintiffs; FRANK E. MILGATE, Appellant, v. LAWRENCE WRAITH, Respondent.

Ralph H. Lewis and A. G. Bailey for Appellant.

Huston, Huston & Huston and Robert H. Schwab, Jr., for Respondent.

Parker & Stanbury, Raymond G. Stanbury, Vernon W. Hunt, George E. Sandford, Bronson, Bronson & McKinnon and Reginald I. Bauder, as *Amici Curiae,* on behalf of Respondent.

CURTIS, J.—Appellant, Frank E. Milgate, loaned his automobile to Hugh Cunningham, who took appellant's daughter,

Doris Milgate, riding with him in the car. While the car was being so used it collided with another driven by Lawrence Wraith. Doris Milgate and Cunningham were injured and the car was damaged. This action was then instituted by Doris Milgate, through her father as guardian *ad litem*, for recovery for injuries suffered by her, and also by her father, Frank E. Milgate, appellant herein, for damage to his car and for hospital and medical bills incurred by him as the result of the injuries sustained by his daughter. Cunningham joined as plaintiff, requesting damages for personal injuries suffered by him. The trial court, sitting without a jury, found Wraith negligent in the operation of his car but also found Cunningham guilty of contributory negligence. An award of damages was made to the minor daughter, but relief was denied to Cunningham because of his contributory negligence. Relief was also denied to appellant for damages to his car and for money expended for medical and hospital treatment of his daughter. This latter denial of relief was based on the trial court's conclusion that the negligence of Cunningham should be imputed to appellant, as owner of the car, so as to bar appellant's claim, because of the provision of section 402 of the Vehicle Code, as amended in 1937, providing that the negligence of a borrower of a car should be imputed to the owner for all purposes of civil damages. On this appeal it is urged that the trial court erred in holding that the negligence of Cunningham was thus imputed to appellant.

Subdivision (a) of section 402 of the Vehicle Code provides: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner *and the negligence of such person shall be imputed to the owner for all purposes of civil damages.*" (Italics added. ) The italicized portion was added by amendment in 1937.

Appellant contends that the above-quoted section should be so construed as to limit the imputation of negligence to actions by third persons against the owner. Whatever might have been the proper construction prior to the 1937 amendment, it is now clear that since the passage of that amendment, said section is not susceptible of such construction. The phrase

"the negligence of such person shall be imputed to the owner for all purposes of civil damages" can be interpreted in no other sense than to include actions by the owner against third persons. Indeed, that was undoubtedly the very purpose of the amendment. If the section were not so interpreted, the added portion would be meaningless, for as stated by the trial court: "The addition to the section did not add to the liability of an owner; neither did it clarify the existing liability. Its purpose, then, would seem to be that which its wording is sufficiently comprehensive to cover, namely, the imputation of such negligence in all cases where the rights and obligations of the owner are involved in civil actions for damages. Its only effect, which may also be considered its purpose, was to definitely extend the imputation to actions in which the owner sought redress in damages."

Appellant refers to the case of *Mills* v. *Gabriel*, 259 App. Div. 60 [18 N. Y. Supp. (2d) 78], in support of the contention that the negligence of a driver should not be imputed to the owner in an action by the owner against a third party. Of course, a New York court's interpretation of a statute of that state is not controlling on this court's interpretation of a statute of this state. If the statutes were identical and if the law were clearly established in New York, the opinion would have considerable persuasive force, but such is not the case. The New York statute is similar to the California statute as it read prior to the 1937 amendment, but it was by the 1937 amendment that the legislature of this state clearly included the imputation of negligence to the owner in actions by the owner against third persons. Therefore, the interpretation given to the New York statute by the court in the Mills case, *supra,* can be of no aid to appellant here. Furthermore, it is questionable whether the New York law has been finally and definitely determined in accordance with the Mills case. The Court of Appeals did affirm the decision of the Appellate Division in a memorandum decision, but it did not express its own ideas on the problem. (See *Mills* v. *Gabriel,* 284 N. Y. 755 [31 N. E. (2d) 512].) Even under the limited New York statute there are numerous decisions of the Appellate Division directly contrary to the Mills case. (See *Renza* v. *Brennan,* 165 Misc. 96 [300 N. Y. Supp. 221]; *Darrohn* v. *Russell,* 154 Misc. 753 [277 N. Y. Supp. 783]; *Shuler* v. *Whitmore, Rauber & Vicinus,* 138 Misc. 814 [246 N. Y. Supp. 528]; *Swartout* v.

*Van Auken,* 132 Misc. 89 [228 N. Y. Supp. 671].) The Renza case, *supra,* contains an excellent review of the conflict in the New York decisions. What was said there in regard to the rule that negligence should not be imputed is particularly applicable to the instant situation. For these reasons that opinion will be quoted at some length. Beginning on page 223, Judge King states:

"Counsel for plaintiff freely admits that the Legislature has fastened upon his client herein a new responsibility (unknown at common law). He claims, however, that it is a responsibility to answer to others for damage done to them and that the common-law immunity from the negligence of the bailee still exists when the damage is to bailor's car and the bailor is a plaintiff rather than a defendant.

"I do not so construe the statute. Do the words 'responsible for . . . injuries to . . . property' fix responsibility for injuries only to property of others? The statute does not so state. Where are the words that exempt the bailor's property from this 'responsibility'? To hold with plaintiff's counsel in his argument would be to interpolate into the statute something which is not there in order to create an inequality among users of the highways which would be as shocking as it would be unjust.

"Judge Wilder, in *Darrohn* v. *Russell,* 154 Misc. 753, 754, 277 N. Y. S. 783, 785, stated the problem thus: 'But, in abrogating the common-law rule of non-liability where the car is not operated in the owner's service, does the statute destroy both immunities or but one? Is it both a sword and a shield? Does it impale him upon a new liability to third persons but protect him from responsibility for his own damage?'

"Judge Wilder goes on to conclude that the owner is barred by the negligence of his bailee, adding that 'he shall not be permitted to capitalize a situation identical with that for which he is expressly made responsible, and, in the phrase of Judge Tompkins of this court, that the Legislature has not generated and the courts will not sponsor, a hybrid offspring.'

"Directly contra is the decision of the Appellate Division, Fourth Department, in *Gochee* v. *Wagner,* 232 App. Div. 401, 403, 250 N. Y. S. 102, 105. [Cited and relied upon by the court in *Mills* v. *Gabriel, supra.*] There, by a divided court, two justices dissenting, it was held that 'While the statute is remedial, it is remedial solely in favor of an injured third

person. It is not to be wrenched out of its intended purpose and its language distorted in order to conform it to the conventional pattern of common-law agency.' Also contra is *Nannes* v. *Ideal Garage, Inc.*, 150 Misc. 522, 269 N. Y. S. 777, decided by the Appellate Term, First Department.

"*Gochee* v. *Wagner, supra*, was reversed by the Court of Appeals, 257 N. Y. 344, 178 N. E. 553, but the reversal is based upon the ground that, since the owner or bailor was present in his car at the time of the accident and had dominion over it, the statute did not apply and the common law made him responsible for his operator's negligence. Thus the decision rests upon common-law grounds and is not helpful to the problem at bar. . . .

"The shocking effect of the holding of the Appellate Division in the Gochee case could hardly have been more strikingly illustrated than in the trial of the case at bar, for tried with it before the same jury was a companion action in which the present plaintiffs were defendants and the defendant Brennan was the plaintiff. He sued for damages to his motorbus. Was the jury to be charged in the case at bar that the sole issue was the negligence of the defendant, because the negligence of John Renza (even if found) could not bar the recovery of Rose J. Renza, and at the same time be charged in the case of *Brennan* v. *Renza* that Rose J. Renza was answerable for the negligence of John Renza?

"An even greater absurdity was presented in the City Court of Rochester in *Darrohn* v. *Russell, supra*. There two borrowed cars collided, each being operated upon the business of the borrower. The owners sued each other for damages to the respective cars. Both drivers were found to be negligent. The judgment of the court, following *Gochee* v. *Wagner*, would be to award each his damage against the other. Is it any wonder that Judge Wilder declined to sponsor such a 'hybrid offspring'?"

If this court were to accept appellant's contention and confine imputed negligence to actions by third persons against an owner, situations as absurd as those referred to by Judge King would inevitably arise at some future time. It is reasonable to assume that the Legislature had this in mind when it passed the 1937 amendment imputing negligence to the owner for all purposes of civil damages.

Other jurisdictions have passed upon the question involved

here. An Iowa statute (Section 5026, Code 1927) provided: "In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage." Under this statute, which is more limited than the California statute, the Supreme Court of Iowa in the case of *Secured Finance Co.* v. *Chicago, R. I. & P. Ry Co.*, 207 Iowa 1105 [224 N. W. 88, 61 A. L. R. 855], held that the negligence of the driver was imputable to the owner and consequently barred the owner's recovery in an action against a third party for damage to the owner's car. In the case of *Di Leo* v. *Du Montier*, (La. App.) 195 So. 74, it was held, under a statute making a father liable for the negligent acts of his minor son, that the plaintiff father was barred from recovery from a third person for damage done to his car because of the contributory negligence of his driver son. (See, also, *Meisenheimer* v. *Pullen*, 271 Mich. 509 [260 N. W. 756]; 5 Am. Jur. 781; 5-6 Huddy on Automobiles, Ninth Edition, pp. 295-297.)

There is no merit to appellant's contention that the imputing of a borrower's negligence to the owner in an action against a third party will violate the settled law that a bailor may recover from a bailee for the latter's negligence in injuring the bailed property. It is obvious that section 402 of the Vehicle Code has no effect on the bailor-bailee relationship in actions by the bailor against the bailee.

It is further contended by appellant that if section 402 of the Vehicle Code prevents recovery from a third person by an owner because of imputed negligence, then said section is unconstitutional under article IV, section 24, of the state Constitution, in that the subject is not mentioned in the title. The title of the original act reads (Stats. 1929, p. 566) : "An act to add a new section to the Civil Code to be numbered 1714¼, relating to imputed negligence." In 1935 this section became 402a of the Vehicle Code. The title to the 1937 amendment reads (Stats. 1937, p. 2353) : "An act to amend sections 402, 404, 410, and 415 of the Vehicle Code, and to add thereto sections 410.5, 415.5, 417 and 418, relating to civil liability and financial responsibility of owners and operators of vehicles." The phrase "relating to imputed negligence" in

the original title is, of course, sufficient, and apparently the phrase "relating to civil liability and financial responsibility of owners and operators of vehicles" in the title to the amendment refers only to the added sections, and not to the amended sections. ██ An amending title is sufficient if it reads: "An act to amend" a certain section of the code or a statute. (*Estate of Elliott,* 165 Cal. 339 [132 Pac. 439]; *Beach* v. *Von Detten,* 139 Cal. 462 [73 Pac. 187]; *People* v. *Parvin,* 74 Cal. 549 [16 Pac. 490.) ██ Even assuming that the additional words relate to section 402, we are satisfied that the phrase "financial responsibility of owners" is sufficiently broad in meaning to include damage to a person's own property. The addition of further descriptive words cannot vitiate a sufficient title, unless such further words indicate a subject not really related to the matters covered by the body of a bill. (*Estate of Elliott, supra.*)

The trial court properly concluded that under section 402 of the Vehicle Code the negligence of a borrower of a car should be imputed to the owner in an action by the owner against a third party.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.