[Civ. No. 13154.   Second Dist., Div. Two.   Mar. 6, 1942.]

LILLY  S.  FOX,  Respondent,  v.  CHARLES  SCHUSTER
et al., Appellants.

Reginald I. Bauder for Appellants.

James S. McKnight, Mark F. Jones and W. L. Engelbright
for Respondent.

WOOD  (W.  J.),  J.—Plaintiff  commenced  this  action  to
recover damages for injuries which she suffered when the auto-
mobile  in  which  she  was  riding  collided  with  defendants'
automobile.   A jury rendered a verdict in favor of plaintiff
in  the  sum  of  $2,821.   Defendants  have  appealed  from  the
ensuing judgment.

At the time of the collision plaintiff was riding in her
own car, which was being driven by one Klinepeter with her
consent.   The  trial  court  instructed  the  jury  that  "the
driver's negligence, if any, may not be imputed to the plain-
tiff, . . . therefore, you shall find that there was no contribu-
tory negligence on the part of the plaintiff."   The only issue
which requires determination on this appeal concerns the con-
tention of defendants that the court erred in giving this in-
struction.

Since the filing of the briefs a decision was rendered by our
Supreme Court in *Milgate* v. *Wraith,* 19 Cal. (2d) 297 [121
P. (2d) 10].  It was there held that by virtue of the 1937
amendment of subdivision (a) of section 402 of the Vehicle

Code the negligence of one who is driving an automobile with the permission of the owner is imputable to the owner in an action by the owner against the driver of another car. The decision in the Milgate case makes necessary a reversal of the judgment in the case now before us. It is so ordered.

Moore, P. J., and McComb, J., concurred.