[Civ. No. 13999.   Second Dist., Div. 2.   May 17, 1943.]

HERMAN BAER SOLLOWAY, Appellant, v. AUSTIN ST. CLAIR WATTS, Respondent.

Guss Jaffe for Appellant.

Nourse & Jones for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action to recover for injuries which he suffered when the automobile in which he was riding collided with an automobile driven by defendant. The action was tried before the court without a jury and a judgment was entered in favor of defendant, from which the present appeal is prosecuted.

At the time of the accident, July 29, 1941, plaintiff was employed as a business representative for a labor union the office of which is located at 206 East Fourth Street, Long Beach. Plaintiff is a resident of Los Angeles. Before the accident he borrowed an automobile from his brother-in-law and drove from Los Angeles to Belmont Shore in Long Beach, which is the easterly extension of East Second Street. At Belmont Shore plaintiff made a business call in the interest

of his union. His son, Sheldon Solloway, twenty years of age, accompanied him. When plaintiff returned to the automobile after finishing his business at Belmont Shore he found that his son, who had remained in the automobile, had taken the driver's seat. The evening before the son had requested of plaintiff permission to use the automobile to look for a job in San Pedro and it was arranged that after the completion of plaintiff's business the son might use the car on business of his own. From Belmont Shore Sheldon Solloway drove the automobile toward plaintiff's office at 206 East Fourth Street, which is on the road from Belmont Shore to San Pedro. The accident in question occurred while the automobile was being driven from Belmont Shore to plaintiff's office.

It is established beyond question that at the time of the accident the automobile was being driven by the minor son of plaintiff and with the latter's permission. The trial court found that Sheldon Solloway was guilty of negligence which contributed to the collision and plaintiff's injuries. Under the circumstances the negligence of the minor son was imputable to plaintiff and bars his recovery. Section 352 subdivision (b) of the Vehicle Code provides: ''Any negligence or wilful misconduct of a minor whether licensed or not under this code in driving a motor vehicle upon a highway with the express or implied permission of the parents or the person or guardian having custody of the minor shall be imputed to such parents or such person or guardian for all purposes of civil damages and such parents or such person or guardian shall be jointly and severally liable with such minor for any damages proximately resulting from such negligence or wilful misconduct.'' The imputation of negligence to a parent is not limited to actions of third persons against the parent but it extends to actions in which the parent seeks redress and damages. The imputation extends to all cases where the rights and obligations of parents are invoked in civil actions for damages. Such was the holding in *Milgate* v. *Wraith*, 19 Cal.2d 297 [121 P.2d 10], where the negligence of a person using an automobile with permission of the owner was involved and where under a code provision similar to the one above quoted the obligations of the owner were determined.

The court included in its findings a determination that at the time of the accident plaintiff's minor son was

driving the automobile with his father's permission. It is now argued that since it was not specifically pleaded that Sheldon was a minor at the time of the accident the fact of his minority should not have been covered in the findings and that a judgment should not be based on such a finding. Plaintiff alleged in his complaint that at the time of the accident the automobile in which he was riding was being driven by his son, Sheldon Solloway. Upon the disclosure by the evidence that Sheldon Solloway was only twenty years of age it was not necessary to require an amendment to the answer specifically stating that he was a minor.

The trial court also found that at the time and place of the accident plaintiff had the right to control the manner in which the automobile in which he was riding should be operated and that Sheldon was at the time of the accident the agent of plaintiff. This finding is attacked as being unsupported by the evidence. Although as is heretofore shown the judgment could be upheld without this finding, we are satisfied that the trial court was justified in drawing the inference that the car remained in the custody and control of plaintiff on the way from Belmont Shore to plaintiff's office. The primary use of the automobile at the time in question was to take plaintiff to Belmont Shore and thereafter to his own office. The accident occurred before the arrival at the office. It was reasonable to hold that it was the intention of plaintiff and his son that the custody of the car would be turned over to Sheldon after the arrival at plaintiff's office.

Plaintiff contends that the evidence is insufficient to sustain the finding that Sheldon Solloway was guilty of contributory negligence which contributed to plaintiff's injuries. The accident occurred at the corner of East Second Street and Temple Avenue. The Solloway car was being driven along East Second Street in a westerly direction and defendant's car was being driven in a northerly direction on Temple Avenue. As a motorist on East Second Street approaches Temple Street "the driver does not have a clear and unobstructed view of such intersection and of any traffic upon all of the highways entering such intersection for a distance of one hundred feet along all such highways, . . . " (Veh. Code sec. 511(a) (4).) Under well established principles, the evidence of the circumstances occurring at the accident must be considered in the light most favorable to defendant. Two witnesses testified that defendant's car en-

tered the intersection before the Solloway car entered it. It was therefore the duty of the driver of the Solloway car to yield the right of way to defendant. (Veh. Code sec. 550.) Sheldon stated that he entered the intersection at 25 miles per hour, that he did not see defendant's car before the accident and that he did not apply his brakes prior to the collision. The court could reasonably draw the inferences that Sheldon Solloway improperly failed to yield the right of way; that he did not keep a proper look-out for other vehicles in the intersection; and that he entered the intersection at an improper rate of speed. Such inferences give substantial support to a finding that Sheldon Solloway was guilty of contributory negligence.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.