costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $2,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party. All concur, except Taylor, J., not voting. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

CHARLES T. KEHOE, Appellant, v. THE CITY OF OSWEGO, Respondent, and THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

CHARLES T. KEHOE, Respondent, v. THE CITY OF OSWEGO, Defendant, and THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs, on the ground that there is no evidence of negligence on the part of defendant railroad, and even if negligence could be predicated upon the manner in which the railroad maintained its crossing, such negligence cannot be said to have been a contributing cause of the accident. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

JEREMIAH McCARTHY, Appellant, v. CITY OF OSWEGO, Respondent, and THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

JEREMIAH McCARTHY, Respondent, v. CITY OF OSWEGO, Defendant, and THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs, on the ground that there is no evidence of negligence on the part of defendant railroad, and even if negligence could be predicated upon the manner in which the railroad maintained its crossing, such negligence cannot be said to have been a contributing cause of the accident. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ELIZABETH FRANCIS, Respondent, v. UTICA BOX COMPANY, INCORPORATED, and Another, Appellants.— Judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

JOHN G. ELBS, Respondent, v. LOUIS SHULMAN, Appellant.— Judgment affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ANNA SHULER, Respondent, v. WHITMORE, RAUBER & VICINUS, Appellant.— Order affirmed, with ten dollars costs and disbursements, on the ground that it appears presumptively from the papers that the person sought to be brought in as party defendant was the agent of the plaintiff and, therefore, no joint judgment could be recovered by the plaintiff against the defendant and the person sought to be brought in, for the negligence of the person sought to be brought in would be imputable to the plaintiff and defeat the plaintiff's recovery against the defendant. Nothing appears in the record to controvert the presumption. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ. [138 Misc. 814.]

In the Matter of the Estate of HELEN M. GRIDLEY, Deceased.— Decree