[Civ. No. 5743.  Third Appellate District.—October 6, 1937.]

HAROLD L. ROGERS, a Minor, etc., et al., Respondents, v. FLOYD FOPPIANO et al., Appellants.

Nutter & Rutherford, D. R. Jacobs and Philip Cavalero for Appellants.

Gumpert & Mazzera and C. H. Hogan for Respondents.

THOMPSON, J.—The defendants have appealed from a joint and several judgment of $10,000 which was rendered against them in a suit for damages for injuries sustained as a result of negligent operation of an automobile causing it to strike and seriously injure a pedestrian. A separate judgment was rendered against Floyd Foppiano, the driver of the machine, for the total sum of $12,529.

The appellants contend that the judgment of $10,000 which was rendered against Eugene and Anna Foppiano, husband and wife, as owners of the automobile, and as parents of their minor son, Floyd, whose application for a motor vehicle license they signed, creates a liability against them of a sum not to exceed $5,000, as provided by sections 352 and 402 of the Vehicle Code of California. The theory upon which the verdict was returned and the judgment rendered against these defendants was that these sections impose a separate and cumulative liability of $5,000 against the owners of the machine, and a similar maximum liability as signers of the application of their son for a motor vehicle license. It is also asserted the court erred in giving to the jury an erroneous instruction upon the same subject; that the plaintiffs' attorneys were guilty of prejudicial misconduct during the course of the trial and that the amount of damages awarded is speculative and excessive.

At 8 o'clock on the morning of January 15, 1936, the plaintiff, Harold L. Rogers, a student, was walking northerly along a pedestrian's pathway which parallels Pacific Avenue north of Stockton at a distance of about 7 feet westerly from the highway. He was on his way to attend sessions of morning classes at the College of the Pacific. He observed two automobiles approaching from the north along the westerly side of the highway. The pavement was wet as a result of rain which occurred during the previous night. The machine nearest to Rogers at that time was a Ford automobile which was about half a block distant. It was traveling at the rate of twenty miles an hour. The defendants' Dodge pickup, driven by Floyd Foppiano, the minor son of the other defendants, followed at a short distance in the rear of the Ford machine. It was traveling at the rate of thirty-five or forty miles an hour. Just before the Ford machine reached a point opposite the plaintiff the Dodge car turned to its left across the center line of the highway to pass the Ford machine. Observing the proximity of another automobile which was approaching from the south on the easterly side of the highway, the driver of the Dodge car suddenly pulled his machine back behind the Ford car and applied his brakes to avoid colliding with it. The Ford automobile passed on its way, but the Foppiano machine, without warning, followed a diagonal course across and beyond the westerly edge of the highway and struck and seriously injured the plaintiff.

A disinterested witness, who was also approaching the plaintiff on that pathway, corroborates these facts.

The defendants contend that their machine skidded on the wet pavement, causing the driver to lose control of his vehicle and that the accident was therefore unavoidable. They also assert that the brakes of their car suddenly locked, pulling the machine from its course and causing the accident through no fault on their part. They testified that the brakes had never before locked in that fashion and that they had no previous knowledge of that defect. The evidence is conflicting with respect to these defenses.

It appears that the Dodge automobile was jointly owned by Eugene and Anna Foppiano, husband and wife, who purchased it with their community funds. It was registered in the name of Eugene Foppiano. Both the father and mother of the minor child signed and verified his application for a driver's license.

Although there is a conflict of testimony regarding the cause of the accident, there is substantial evidence to support the implied finding of the jury that it occurred as a result of the negligence of Floyd Foppiano in his operation of the Dodge machine. He was traveling thirty-five or forty miles an hour over a wet pavement; it was broad daylight and he should have been able to see the proximity of the approaching automobile from the south before he attempted to pass the Ford machine. The jury was warranted in assuming that he failed to exercise reasonable care in attempting to pass the Ford machine without first looking for approaching machines, and that the rapid speed of his car and the sudden change of its course caused him to lose control of the vehicle. There is a decided conflict of evidence as to whether his brakes locked when he suddenly applied them. There is evidence that they never locked before or after that occasion. Upon examination of the brakes immediately after the accident occurred, the mechanic merely found fine dust upon the brakes. There is no evidence there was anything mechanically wrong with the brakes. It was solely the province of the jury to determine from the evidence whether the conduct of Floyd Foppiano amounted to negligence. With that province, under the circumstances of this case, we may not interfere.

A judgment of $12,529 was rendered against Floyd Foppiano, the driver of the Dodge automobile. We are of

the opinion that amount of damages against Floyd Foppiano was neither speculative nor excessive. The plaintiff, Harold L. Rogers, was studying dramatics with the obje of becoming an actor. There is evidence to the effect that his legs are permanently injured, so that he will be unable to follow his chosen profession, and that he will be able to walk and stand with difficulty. It also appears that an operation will be necessary to attempt to restore a reasonably normal use of his limbs, which will cost the sum of $529. Those facts were testified to by competent medical authorities. The judgment against Floyd Foppiano is not excessive or speculative.

We are of the opinion the judgment of $10,000 which was rendered against Eugene and Anna Foppiano, on the theory that they were guilty of imputed negligence for the reason that they are the owners of the automobile involved in this action, and because they signed the application of their son, Floyd, for a driver's license, is in contravention of the limitation of liability for imputed negligence which is fixed by the provisions of sections 352 and 402 of the Vehicle Code of California, and that the judgment against them should therefore be reduced to the sum of $5,000.

It is insisted the maximum liability of the owners of an automobile, when the relationship of principal and agent or master and servant does not exist between them and the operator of the machine, is $5,000 under the provisions of section 402 of the Vehicle Code, and that an additional or cumulative liability for a similar sum exists under the provisions of section 352 of that code by reason of the fact that the owners of the car also signed the application of the minor operator of the machine for his driver's license. We think not. These sections of the Vehicle Code should be construed together. Reference to these sections discloses the fact that both of them relate to imputed negligence. It is a cardinal principle in construing statutes to ascertain if possible the intention of the legislature in enacting them. It seems quite evident that, in adopting sections 352 and 402 of the Vehicle Code, the legislature intended to create a limited liability for imputed negligence against both the owner of an automobile and the signer of a driver's license. There is no common-law liability against either the owner of a machine or the signer of an operator's license not personally guilty of negligence, in the absence of a relationship of prin-

cipal and agent or master and servant between themselves and the driver of a machine who alone is guilty of the negligence charged. That liability is solely the creature of the statute. Liability for such imputed negligence does not exist in California except by virtue of the provisions of the statute. The statute provides that if one is the owner of an automobile involved in an accident which is driven by another person who is not in the relationship of an agent or servant, he may still be held liable for damages resulting therefrom to the limited extent of $5,000. The statute also provides that under similar circumstances he may be held liable to the limited extent of $5,000 as the signer of a driver's license held by the guilty party. The statute does not state that he may be held for damages for $10,000 if he happens to be both the owner of the machine and the signer of the license. If the legislature had intended to double the limited liability under such circumstances it would have been very easy to have so expressed it in the statute. We must assume the legislature intended to fix a limited liability of $5,000 for imputed negligence against the owner of an automobile and the signer of a driver's license or either of them and that it did not intend to double that limited liability when the same individual was both the owner of the machine and the signer of the license. We are therefore of the opinion the court was not authorized to render judgment against Eugene and Anna Foppiano for more than the limited statutory amount of $5,000.

The judgment of $10,000 which was rendered against Eugene and Anna Foppiano is not void because it is in excess of the limited liability against them as provided by sections 352 and 402 of the Vehicle Code, but may be reduced to conform to the law. (*Milburn* v. *Foster*, 8 Cal. App. (2d) 478 [47 Pac. (2d) 1106]; *Harveld* v. *Milani*, 1 Cal. App. (2d) 157 [36 Pac. (2d) 393]; *Webster* v. *Harris*, 119 Cal. App. 46 [6 Pac. (2d) 88]; 2 Cal. Jur. 987, sec. 584.)

Several assignments of alleged prejudicial misconduct on the part of counsel for the plaintiffs are urged. They relate to statements made during the course of the trial which, it is asserted, infer that the defendants suppressed a medical report and other evidence which might have been favorable to them. These assignments also refer to certain unfavorable statements made by counsel for the plaintiffs in their argument to the jury. We have examined these assignments and

are of the opinion they do not constitute prejudicial misconduct. It was not prejudicial misconduct for counsel to incidentally refer to the asserted defense of a latent defect of the automobile brakes as the "so-called defense". That amounted to a mere expression of opinion that the evidence would show there was no such latent defect. The weight of the evidence does show no such defect existed. The jury was fully instructed that it had the sole province of determining from the evidence the merits of the charges of negligence and the defenses thereto. We may not presume the jury disregarded the instructions and rendered a verdict based on a mere insinuation that the defense of a latent defect in the brakes was not valid or true. The expression was harmless.

■ Nor was it prejudicial error for the plaintiffs' attorney to demand a copy of a purported medical report, which he assumed was in the possession of defendants' counsel. Upon the first demand in open court for the procuring of the document the attorney for the defendants said, "I will do it during the noon recess." Upon a subsequent demand for the same document which was made after the recess the attorney said, "As far as I know, there has been no written report to me." Plaintiffs' attorney then replied, "I would like to have a copy of it. . . . I want to see a copy of the report." Since the rendering of the report is not denied, the inference may reasonably be drawn that such a report actually did exist, although it was not given to the attorney for the defendants. The reply of plaintiffs' attorney that he would like to see a copy of that report may reasonably be assumed to have meant that he would like to see the document, regardless of who had possession of it. He did not charge the defendants' attorney with suppressing it. That statement was also harmless. ■ Finally some statements of counsel made in the course of his argument to the jury are assigned as prejudicial. They apply to the credibility of witnesses and to the weight of evidence. These challenged statements appear to have been within legitimate bounds of argument. While they are in the form of affirmative statements, it is apparent they are mere opinions prompted by what may be deemed to be fair inferences from the evidence according to the plaintiffs' theory of the facts. There is no fixed standard of reasoning. Considerable latitude is therefore accorded to attorneys in presenting their arguments to juries.

An attorney has a right to reason fairly from the evidence adduced that a witness has either misstated the facts or that he has sworn falsely. He may also express his opinion based upon fair deductions from the evidence or from reasonable inferences therefrom. It is difficult to say just how illogical an attorney may be in his argument to a jury without transgressing upon the rules of conduct, provided he does not wilfully misstate the evidence. We are convinced there is nothing in the present case which may be deemed to be prejudicial misconduct in that regard. (24 Cal. Jur. 743, sec. 26; *Baker* v. *Market Street Ry. Co.,* 123 Cal. App. 688 [11 Pac. (2d) 912].)

Moreover, the defendants waived their objections to the prejudicial nature of these challenged statements of counsel by failing, at the time they were made, to assign them as prejudicial and by neglecting to ask the court to instruct the jury to disregard them. (*Kershaw* v. *Tilbury,* 214 Cal. 679, 690 [8 Pac. (2d) 109]; *Olsen* v. *Standard Oil Co.,* 188 Cal. 20 [204 Pac. 393]; *Murphy* v. *Zwieg,* 100 Cal. App. 266 [279 Pac. 1062].)

The judgment is modified by reducing the amount of damages which was awarded against Eugene and Anna Foppiano to the sum of $5,000. The trial court is directed to amend the judgment accordingly. As so modified the judgment is affirmed, respondents to recover costs on appeal.

Plummer, J., and Pullen, P. J., concurred.