[Civ. No. 9191.   Third Dist.   Mar. 14, 1958.]

JAY MASON, Appellant, v. HENRY BOYD
RUSSELL, JR., Respondent.

C. Ray Robinson, Oren, McCartney & Sells, Robert T. McCartney and Winton & Edlefsen for Appellant.

Landram, Silveira, Garrett & Goul for Respondent.

PEEK, J.—Plaintiff appeals from a judgment of dismissal in an action for personal injuries which was entered following the order of the court sustaining defendant's demurrer to his amended complaint without leave to amend.

The amended complaint alleged that with the owner's knowledge and consent the defendant operated an automobile on private property in the city of Merced; that as a direct and proximate result of the negligent operation by defendant, the automobile collided with plaintiff, pinning him against the wall of a building on the premises, thereby resulting in serious injuries to plaintiff. ▮ The original complaint averred that plaintiff was the owner of the automobile and consented to its operation by defendant. These allegations were omitted from the amended complaint but could be considered by the trial court in ruling upon the amendatory pleading. (*Wennerholm* v. *Stanford Univ. School of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358].)

The sole issue on this appeal is whether the negligence of a permissive driver of an automobile is imputed to the owner under the provisions of section 402 of the Vehicle Code so as to bar recovery by the owner for injuries in an action by him against the driver.

Section 402, subdivision (a), of the Vehicle Code provides: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, *and the negligence of such person shall be imputed to the owner for all purposes of civil damages.*" (Emphasis added.)

The italicized portion above was added in 1937 and is the portion pertinent to this appeal. It was the theory of respondent, and the same was adopted by the court, that the italicized matter forbade recovery. The court said it was of the opinion that ". . . Sec. 402(a) of the Vehicle Code is controlling and that its language is clear and unambiguous, and the statement contained therein 'and the negligence of

such person shall be imputed to the owner for all purposes of civil damage,' would prevent the plaintiff from a recovery.''

We hold that section 402, subdivision (a), has no application in this proceeding.  ▮  "A reading of the language of the statute and a review of the decisions in this state reveal that the legislative purpose in the enactment of section 1714¼ of the Civil Code (now section 402 of the Vehicle Code), was to protect innocent third parties from the careless use of automobiles and that this protection should be paramount to the rights of an owner who has permitted the use of his car by others even though he, personally, was not guilty of negligence.'' (*Burgess* v. *Cahill,* 26 Cal.2d 320, 323 [158 P.2d 393, 159 A.L.R. 1304].)

▮ Necessarily, therefore, when the rights of third persons are not involved, such as in the present case where the action is by the owner against the permittee, an entirely different situation is presented, and hence the reason for the imputation of negligence ceases. In the case of *Ledgerwood* v. *Ledgerwood,* 114 Cal.App. 538 [300 P. 144], a mother riding in a car which was the community property of herself and her husband and was then being driven by an adult son, sought damages for injuries as the result of his negligent operation of the car. In affirming the judgment in her favor the court held that ''. . . where the injured party brings an action against the driver based upon the negligence of such driver, neither the fact that such injured party is the owner of the car, nor the fact that he is the employer or principal for whom the driver is acting, nor the fact that he is engaged in a joint enterprise with the driver, should defeat the action.'' (P. 543.)

The fact that the Ledgerwood case was decided prior to the addition of the particular phrase here in question is of no consequence in this proceeding. ▮ As the court noted in *Milgate* v. *Wraith,* 19 Cal.2d 297, 300 [121 P.2d 10], the phrase, *shall be imputed to the owner for all purposes of civil damages,* ''. . . can be interpreted in no other sense than to include actions by the owner against third persons. Indeed, that was undoubtedly the very purpose of the amendment. If the section were not so interpreted, the added portion would be meaningless . . .'' ▮ Again, in a somewhat similar situation the court stated in *Brown* v. *Rowland,* 40 Cal.App.2d Supp. 825, 827 [104 P.2d 138], ''The obvious meaning of that section [402, subdivision (a)] is that the liability imposed on one who

lends a car is for damage to the person or property of others. To say that he becomes liable for damages to himself would be absurd.''

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 7, 1958.