[Civ. No. 24121. Second Dist., Div. One. Mar. 4, 1960.]

DONALD SAWYER, a Minor, etc., Appellant, v. MARSHAL ZACAVICH et al., Respondents.

Jack H. Berkowitz for Appellant.

Archibald & Halde, Smith, Watling & Brelsford, C. Douglas Smith and Tom Halde for Respondents.

WOOD, P. J.—Action for damages for personal injuries sustained in a collision between a motorcycle and an automobile. Plaintiff was the operator of the motorcycle. Defendant Marshal Zacavich, 17 years of age, was the operator of the automobile. Defendant Edward Zacavich, the stepfather of Marshal, had signed and verified Marshal's application for an operator's license. Defendant Elsa Pearl Strother was the owner of the automobile.

Edward Zacavich will be referred to as the parent or signer, and Mrs. Strother will be referred to as the owner.

It was stipulated in substance, as follows: (1) the liability, if any, on the part of Edward Zacavich (parent) was that imposed by section 352 of the Vehicle Code; and (2) the liability, if any, on the part of Mrs. Strother (owner) was that imposed by section 402 of the Vehicle Code. (Those sections were in effect at the time of the collision herein.)

In a jury trial, the verdict was in favor of plaintiff, and against defendants, for $15,000. Judgment was against the defendants (minor, parent, and owner), jointly, for $5,000; and against Marshal (minor) "for the further sum of $10,000." The judgment provided that the payment of $5,000 "shall constitute full satisfaction of this judgment as to the defendants Edward Zacavich [parent] and Elsa Pearl Strother [owner], and satisfaction to said extent as to defendant Marshal Zacavich [minor]."

Plaintiff appeals from the part of the judgment which provides (1) that the liability of Edward Zacavich (parent) and Mrs. Strother (owner) is a joint liability, and (2) that payment of $5,000 shall constitute full satisfaction of the judgment as to the parent and the owner.

Appellant (plaintiff) contends that the liability of the parent for $5,000, under said section 352, and the liability of the owner for $5,000, under said section 402, (where, as in this case, the parent and the owner are different persons) are separate and cumulative liabilities—that is, each one is liable to the extent of $5,000.

Respondents contend that the total liability of both the owner and the parent is limited to $5,000.

Section 352 of the Vehicle Code provides, in part: "(a) Any liability of a minor arising out of his driving a motor vehicle upon a highway during his minority is hereby imposed upon the persons or person who signed and verified the application of such minor for a license for all purposes of civil damages and said persons or person shall be jointly and severally liable with such minor for any damages proximately resulting from such negligence. . . ."

"(c) No person, nor the persons collectively if the negligence . . . of the minor in operating a motor vehicle is imputed hereunder to more than one person, shall incur liability under this section in any amount exceeding five thousand dollars ($5,000) for injury to . . . one person as a result of any one accident. . . ."

Section 402 of the Vehicle Code provides, in part: "(a) Every owner of a motor vehicle is liable and responsible for . . . injury to person . . . resulting from negligence in the operation of such motor vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.

"(b) The liability of an owner for imputed negligence imposed by this section and not arising through the relationship of principal and agent or master and servant is limited to the amount of five thousand dollars ($5,000) for . . . injury to one person in any one accident. . . ."

"· · · · · · · · · · ·

"(d) In the event a recovery is had under the provisions of this section against an owner on account of imputed negligence, such owner is subrogated to all the rights of the person injured . . . and may recover from such operator the

total amount of any judgment and costs recovered against such owner.''

Section 355 of the Vehicle Code provides: "In the event, in one or more actions, judgment is rendered against a defendant under this Division V based upon the negligent operation of a vehicle by a minor, also by reason of such negligence rendered against such defendant under Section 402 of this code, then such judgment or judgments shall not be cumulative but recovery shall be limited to the amount specified in Section 352(c)." Said "Division V," referred to in section 355, includes section 352, but does not include section 402.

It thus appears, from said section 355, that the Legislature has specifically provided that if judgment is against a person, under the provisions of both section 352 and 402 (where the person who signed the minor's application for a license is also the owner of the vehicle) the total recovery against that person (who is the signer and the owner) is limited to $5,000. It is to be noted, however, that there is no similar provision limiting the liability to $5,000 where the person who signed the minor's application for a license, and where the owner of the vehicle, are different persons. It would seem that if the Legislature also intended that liability should be limited to a total of $5,000 where the signer and the owner are different persons, the Legislature would have made a specific provision therefor, similar to the specific provision it made (in § 355) to cover the circumstance where the signer and owner are the same person.

Respondents (minor, parent, and owner) cite *Rogers* v. *Foppiano*, 23 Cal.App.2d 87 [72 P.2d 239]. In that case a minor was the driver of an automobile which was involved in a collision. His parents, who were the owners of the automobile, had signed his application for an operator's license. The judgment therein, against the minor, was for $12,529; and the separate judgment, against the parents (as signers of the application, and as owners of the automobile), was for $10,000. The parents contended, upon their appeal therein, that their maximum liability under the two sections 352 and 402 (as signers and owners) did not exceed $5,000. Their contention was upheld on appeal, and the judgment (as to the parents) was reduced to $5,000. It was said therein (p. 92) that the two sections should be construed together, and that a cardinal principle in construing statutes is to ascertain if possible the intention of the Legislature. It was held therein (p. 93) that, where the same individual is the signer of the

application and is the owner of the automobile, the Legislature did not intend to create a liability for more than $5,000. It was also said therein (p. 93) : "The statute provides that if one is the owner of an automobile involved in an accident which is driven by another person who is not in the relationship of an agent or servant, he may still be held liable for damages resulting therefrom to the limited extent of $5,000. The statute also provides that under similar circumstances he may be held liable to the limited extent of $5,000 as the signer of a driver's license held by the guilty party. The statute does not state that he may be held for damages for $10,000 if he happens to be both the owner of the machine and the signer of the license. If the Legislature had intended to double the limited liability under such circumstances it would have been very easy to have so expressed it in the statute. We must assume the Legislature intended to fix a limited liability of $5,000 for imputed negligence against the owner of an automobile and the signer of a driver's license or either of them and that it did not intend to double that limited liability when the same individual was both the owner of the machine and the signer of the license."

When the reviewing court in *Rogers* v. *Foppiano, supra,* determined the question of legislative intent, with respect to sections 352 and 402 under the circumstance where the *same* person was the signer and the owner, the legislative intent with respect to those sections, under such a circumstance, had been declared recently in said section 355, which specifically provided (as above stated) that where the same person was the signer and the owner the liability of that person was limited to $5,000. Section 355 became effective in August, 1937, and the decision in that case was rendered in October, 1937.

In the present case, in determining the legislative intent with respect to said sections 352 and 402, under the circumstance where the signer and the owner are *different* persons, it is significant that the Legislature did not also provide in said section 355, or specifically provide at all, that the collective or total liability of those different persons is limited to $5,000.

Respondents herein (minor, parent, and owner) argue that, even under the circumstance where the signer of the minor's application and the owner are different persons, the Legislature did not intend that the owner and the signer

should each be required to pay the injured person to the extent of $5,000. The asserted basis for their argument is the provision in section 402 to the effect that the owner is subrogated to all the rights of the injured person. Respondents assert that since section 402 provides that upon recovery (of judgment) against the owner, the owner is subrogated to all the rights of the injured person, and since one of those rights is the right under section 352 to recover to the extent of $5,000 from the signer of the minor's application, the owner became subrogated to such rights against the signer upon recovery of judgment against the owner. They argue further that, in view of such subrogation provision, the owner is entitled to recover from the signer of the application any amount (to the extent of $5,000) which the owner might be required to pay on the judgment; and that if the signer is also liable, under section 352, to the injured person for $5,000 "in addition to his liability to the" owner, the result would be that the signer is subject to a double liability or liability of $10,000. Respondents assert that such a result was not the legislative intent. In other words, respondents assert in effect that, in view of such subrogation provision, the Legislature did not intend that the injured person should recover from the signer of the application to the extent of $5,000 under section 352, but that the owner under his right of subrogation should be entitled to recover from the signer to the extent of $5,000 as reimbursement for payment made to the injured person by the owner. It seems that respondents' position is that by reason of the subrogation provision in section 402, in favor of the owner, the provision in section 352 regarding liability of the signer to the injured person to the extent of $5,000 is a provision only for the benefit or security of the owner whereby the owner may be reimbursed by the signer for money paid to the injured person. Under such contention of respondents, the specific provision in section 352 that the signer of the application shall be liable to the injured person for $5,000 would be meaningless, insofar as the injured person is concerned, as a source from which he might satisfy the judgment; but the effect of that provision would be to designate a reserve source, specially for the protection of the owner, from which he might reimburse himself. In the present case, as above stated, there is a joint judgment for $5,000 against the minor, owner, and signer—with a provision therein that the payment of $5,000 would satisfy the judgment as to both the owner and the signer. Apparently, under the provisions of that judg-

ment, a payment of $5,000 by the minor would relieve both the owner and signer from any obligation to pay any amount to the injured person; or a payment of $5,000 by the signer would relieve the owner from any obligation to pay; or a payment of $5,000 by the owner would satisfy the judgment as to owner and the signer, but, under the subrogation provision as interpreted by respondents, the signer would remain obligated to reimburse the owner. It thus appears that if the signer pays the $5,000, the owner would not be required to pay anything; but if the owner pays the $5,000, the signer would still be required, under the subrogation theory, to reimburse the owner. Under such construction of sections 402 and 352 (as contended by respondents), and under such provisions of the judgment herein, the owner would not suffer any financial detriment by reason of the liability created against him as stated in section 402 (if the signer is financially able to reimburse him).

Respondents' interpretation of sections 402 and 352 is tantamount to saying that the subrogation provision in section 402 is the equivalent of, or a substitute for, a specific statutory provision to the effect that there is only one limited liability of $5,000 where the owner and the signer are different persons.

 Under the doctrine of subrogation it is not contemplated that a person who has a prospective right of subrogation may require, in advance of actually being subrogated, that certain assets (which the creditor might take in satisfaction of his claim) be held in reserve for his benefit.

 The general rule is that a person is not entitled to be subrogated to the rights of a creditor until the claim of the creditor has been paid. (50 Am.Jur., p. 701, § 28.) "[T]here can be no interference with the creditor's rights or securities which might, even by bare possibility, prejudice him in the collection of the residue of his claim, since a right of subrogation is against the debtor rather than against the creditor." (83 C.J.S., p. 608.)

In *Broome* v. *Kern Valley Packing Co.*, 6 Cal.App.2d 256 [44 P.2d 430], in construing section 1714¼ of the Civil Code (the predecessor to section 402 of the Vehicle Code), it was said, at page 261: "While the liability imposed by this section of the code upon the owner of an automobile may be secondary as between such owner and the person operating the car with his permission, it is a primary and direct liability and not a

secondary one in so far as the injured party is concerned. It would seem that the main purpose of this section is to make such an owner directly responsible to a person injured through the negligence of an operator driving the car with the owner's permission, although the section also contains provisions calculated to protect the owner from the results of the operator's negligence in so far as this may be done between those parties without interfering with the rights of the injured party.''

In the present case, it is apparent that under respondents' theory of subrogation the owner would be interfering with the right of the injured person to collect the amount of his judgment. The Legislature did not intend, by the subrogation provision, to give the owner such a right of interference. If the liabilities of the owner and the signer are separate and cumulative, as asserted by appellant, there would not be a double liability on the part of the signer of the application, for the reason that payment of the $5,000 judgment by the signer would leave no amount due from him to the injured person and, of course, there would be no basis for subrogation with respect to any obligation due from the signer to the injured person.

As above stated, the Legislature made a specific enactment in 1937 (§ 355, *supra*) to the effect that, under sections 402 and 352, there is only one limited liability of $5,000 where the same person is the owner and the signer; but there is no similar provision, as to those two sections, under the circumstance where the owner and the signer are different persons. If the Legislature had intended that there should be only one limited liability or recovery of $5,000 where the owner and the signer are different persons, it would have been ''easy to have so expressed it'' in one or both of those sections or to have enacted a new section similar to said section 355 (where the legislative intent was specifically expressed as to the circumstance where the same person is the owner and signer). The subrogation provision in section 402 was not a sufficient basis for a determination that the Legislature intended there should be only one limited liability or recovery of $5,000 where the owner and the signer are different persons.

In *Mann* v. *Chase,* 41 Cal.App.2d 701 [107 P.2d 498], which was an action for damages resulting from an automobile accident, the operator of the automobile was a minor. The owner of the automobile and the signer of the minor's application for a license were different persons. (The owner was the minor's brother, and the signer was his mother.) The judgment of

the trial court provided that the plaintiff should recover from "Defendant John F. Chase [minor] the sum of $10,500.00; from the defendant Franklin D. Chase [owner], as provided in section 402 of the Vehicle Code . . . the sum of $5,000.00, jointly and severally with said defendant John F. Chase; and from the defendant Mary C. Chase [signer], as provided in section 352 of said Vehicle Code, the sum of $5,000.00, jointly and severally with said defendant John F. Chase. . . . '' On appeal by the owner and the signer, the judgment was affirmed. (In that case the question on appeal related to contributory negligence of a guest. The question as to whether there was only one limited liability of $5,000 was not raised therein.)

It cannot properly be said that the legislative intent was that there should be only one liability or recovery under said sections where the owner and the signer are different persons. The liabilities of the owner and the signer under said sections 402 and 352 of the Vehicle Code, where the owner and the signer are different persons, are separate and cumulative liabilities. The judgment should be modified so that it will provide that plaintiff is entitled to recover $5,000 from the owner and $5,000 from the signer of the minor's application.

The portion of the judgment appealed from is reversed, and the trial court is instructed to modify the judgment in accordance with the views expressed herein.

Fourt, J., and Lillie, J., concurred.