[Civ. No. 8519. Fourth Dist., Div. One. Aug. 22, 1967.]

CITY OF ESCONDIDO, Plaintiff and Appellant, v. THE MUNICIPAL COURT OF THE NORTH COUNTY JUDICIAL DISTRICT OF SAN DIEGO COUNTY et al., Defendants and Respondents.

Graham K. Fleming and Vern B. Thomas, City Attorneys, for Plaintiff and Appellant.

Bertram McLees, Jr., County Counsel, and Lloyd M. Harmon, Jr., Deputy County Counsel, for Defendants and Respondents.

COUGHLIN, J.—Plaintiff brought this action asserting a controversy respecting the validity of an administrative order made by the presiding judge of the Municipal Court of the North County Judicial District; sought a decree declaring the order void; and appeals from the judgment which, in effect, declared the order valid.

In 1963 the Escondido Judicial District was consolidated with the North County Judicial District by action of the Board of Supervisors of San Diego County. At the time of consolidation the Municipal Court of the North County Judicial District was governed by provisions of the Government Code previously enacted in the same year. (Gov. Code, §§ 73950-73959.2.) In 1965 some of these code sections were amended in recognition of the fact consolidation had been effected; Government Code, section 73957 was repealed; and a code section bearing the same number and containing substan-

tially the same provisions was added. The present controversy concerns an application of the provisions of the latter code section that: "The headquarters of the municipal court and the clerk and marshal of the North County Judicial District shall be located within the City of Oceanside. . . . The municipal court shall hold sessions at its headquarters and at a department at a location within the City of Escondido and at such other location or locations within the North County Judicial District as shall be designated by the board of supervisors. The judge of the superseded Escondido Justice Court, or his successor, shall be assigned to the department located within the City of Escondido and his assignment shall include the trial and proper disposition of all matters filed in that department of the court. The clerk and marshal of the North County Judicial District shall maintain branch offices at a location within the City of Escondido. . . . The Escondido branch office . . . shall provide facilities for complete municipal court services, including the filing of original complaints and all other documents and the posting of bail, and the board of supervisors shall provide facilities within the City of Escondido for the complete transaction of business of the court including the holding of jury trials."

On May 1, 1965 the presiding judge of the Municipal Court of the North County Judicial District made an order, which is the subject of the instant controversy, that commencing June 4, 1965: "(1) All preliminary hearings on criminal complaints filed in the Escondido Branch of the Municipal Court, North County Judicial District, as well as all excess preliminary hearings filed in the Oceanside Branch of that Court, would be set for hearing in the Vista Branch of that court, on Friday of each week, at 1:30 p.m.; and (2) that the Honorable Charles R. Roick (the successor of the judge of the superseded Escondido Justice Court) would preside at such hearings."

In the meantime the board of supervisors adopted a resolution that the Municipal Court of the North County Judicial District should hold sessions at its headquarters within the City of Oceanside and "within the City of Vista, the City of Escondido, and the Community of Encinitas." Plaintiff contends the order of the presiding judge directing all preliminary hearings filed in the Escondido Branch should be heard in the Vista Branch by Judge Roick contravenes the mandate of Government Code, section 73957, and for this reason is invalid. Defendants contend the order was made pursuant to

authority conferred by other Government Code sections; is not in contravention of Government Code, section 73957; and is valid. The parties stipulated, and the pretrial order provided accordingly, that the sole issue submitted to the trial court for determination was ''whether by administrative order, the Presiding Judge of the Municipal Court, North County Judicial District, may lawfully transfer preliminary hearings on criminal complaints, misdemeanor cases, civil matters or any other matter which is filed in the Escondido Department of the Municipal Court, North County Judicial District, to a place outside the City limits of the City of Escondido.'' It should be noted the stipulation and pretrial order limited the issue for determination by the trial court to the question whether the presiding judge, by administrative order, could transfer the place of hearing the matters therein referred to outside the City of Escondido, but did not include the question whether such an order could direct the hearing of such matters by a judge other than the successor of the judge of the superseded Escondido Justice Court.

␣␣␣␣ The Government Code contains sections applying generally to all municipal courts, and other sections applying specifically to designated municipal courts. In the former category are provisions authorizing the board of supervisors to designate the places within the district where sessions of the court shall be held (Gov. Code, § 71342); directing the court shall be divided into as many departments as there are judges (Gov. Code, § 72270); directing the presiding judge to assign the judges of the court to their respective departments (Gov. Code, § 72272); and also directing the presiding judge, subject to the regulations of the Judicial Council, to ''apportion the business of the court among the several departments and transfer cases from one department to another if necessary or convenient to facilitate the dispatch of the business of the court.'' (Gov. Code, § 72274.) These provisions by implication impose upon the presiding judge the duty of designating at which place or places selected by the board of supervisors, a particular department shall hold its sessions. For this purpose a ''judge'' and a ''department'' are the same. The provisions of Government Code, sections 73951 through 73959.2 apply specifically to the Municipal Court of the North County Judicial District. Among the latter are the provisions in section 73957 for holding sessions of a department of the court within the City of Escondido, designating the judge assigned to that department, and directing such assignments

shall include the trial and proper disposition of all matters filed in that department. These provisions control over conflicting provisions applicable to municipal courts generally. On the other hand, where there is no conflict between the provisions relating specifically to the Municipal Court of the North County Judicial District and those relating to municipal courts generally, the latter would apply. These conclusions are dictated by the general rule that: "A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision related." (*Rose* v. *State of California*, 19 Cal.2d 713, 724 [123 P.2d 505]; Code Civ. Proc., § 1859.)

The issue in the case at bench involves an application of section 73957 to the facts at hand rather than its construction. Both parties contend the statute is clear although each attributes a different effect to its application. However, plaintiff also contends its position is supported by allegedly applicable rules of interpretation.

 The meaning of a statute is determined from its language considered as a whole. (*In re Lavine*, 2 Cal.2d 324, 327 [41 P.2d 161, 42 P.2d 311]; *Ex parte Goodrich*, 160 Cal. 410, 416 [117 P. 451, Ann.Cas. 1913A 56].) Where the language used, given its ordinary and probable effect, is reasonably free from ambiguity and uncertainty, there is no room for construction. (*Caminetti* v. *Pacific Mutual L. Ins. Co.*, 22 Cal.2d 344, 353 [139 P.2d 908]; *People* v. *Stanley*, 193 Cal. 428, 431 [225 P. 1].) In applying a statute the court should attach that significance to its language which avoids ambiguity; is consistent with sound common sense; and will not be productive of absurd consequences. (*Dickey* v. *Raisin Proration Zone No. 1*, 24 Cal.2d 796, 812 [151 P.2d 505, 157 A.L.R. 324]; *Warner* v. *Kenny*, 27 Cal.2d 627, 629 [165 P.2d 889]; *Adoption of Thevenin*, 189 Cal.App.2d 245, 249 [11 Cal.Rptr. 219].)

 By plain language section 73957 directs that a department of the Municipal Court of the North County Judicial District shall hold sessions at a location in the City of Escondido; that the judge of the superseded Escondido Justice Court, or his successor, shall be assigned to this department; that this assignment "shall include the trial and proper disposition of all matters filed in that department"; and that the court also "shall hold sessions . . . at such other location

or locations . . . as shall be designated by the board of supervisors." Under the rule heretofore stated, this direction controls the administration of the Municipal Court of the North County Judicial District in the particulars noted. On the other hand, section 73957 does not provide that the judge assigned to the department holding sessions within the City of Escondido may not be assigned to hold sessions in other locations designated by the board of supervisors. A "session" is the process of engaging in the business of the court. (See *In re Gannon,* 69 Cal. 541, 545 [11 P. 240].) The presiding judge was authorized by the provisions of law applicable to municipal courts generally to direct the judge assigned to the so-called Escondido department to hold sessions of the court at other places designated by the board of supervisors. Vista was such a place. That part of the order under review directing the judge of the Escondido department to conduct sessions at Vista was proper. Likewise section 73957 did not require "the trial and proper disposition of all matters filed" in the Escondido department to take place in the City of Escondido. The language of the statute is clear. The requirement is directed to the trial and proper disposition of those matters by the judge assigned to the Escondido department, viz., the judge of the superseded Escondido Justice Court or his successor. Section 73957 requires the clerk of the North County Judicial District to maintain a branch office at a location within the City of Escondido and the reference therein to "matters filed" in the department of the court located within the City of Escondido refers to matters filed in the branch office of the clerk maintained in that city. Nevertheless the requirement respecting the trial and disposition of those matters is directed to the judge who shall try and dispose of such matters and not to the place of trial and disposition. As a consequence, that part of the order under review directing preliminary hearings on criminal complaints filed in the branch office maintained by the clerk in Escondido to be held in a session of the court at Vista by the judge of the Escondido department was within the authority conferred upon the presiding judge by general law. Also section 73957 does not foreclose assignment to the judge of the Escondido department of matters other than those filed in that department. The mandate that the assignment of the judge of the superseded Escondido Justice Court, or his successor to the department located in the City of Escondido "shall include the trial and proper disposition of all matters filed in that department"

does not limit the authority conferred upon the presiding judge by general law to include other matters within the assignment. (Gen. see *People* v. *Western Airlines, Inc.*, 42 Cal.2d 621, 639 [268 P.2d 723].) Therefore, that part of the order under review directing the judge of the Escondido department to preside at "all excess preliminary hearings filed in the Oceanside Department" was a valid exercise of the authority conferred upon the presiding judge.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.