[Civ. No. 30057. First Dist., Div. One. Aug. 30, 1972.]

SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Plaintiff and Appellant, v.
JEAN CORNELL DOLAN, Defendant and Respondent.

**COUNSEL**

Corrigan & Stephenson and Douglas E. Stephenson for Plaintiff and Appellant.

Hoge & Mead and John S. Mead for Defendant and Respondent.

**OPINION**

**KONGSGAARD, J.***—Plaintiff, Southern Pacific Company, appeals from a judgment dismissing its complaint following an order sustaining defendant's demurrer without leave to amend.

On June 12, 1967, Thomas R. Dolan, a minor 19 years of age, was involved in a collision between a car driven by him and owned by his parents, and a motorized hand car owned by Southern Pacific and operated by its employees. As a result of the collision, several of Southern Pacific's employees were injured, including one Estrada. Estrada filed a complaint for damages against his employer, Southern Pacific Company, pursuant

---

*Assigned by the Chairman of the Judicial Council.

to the Federal Employers Liability Act and against young Dolan. In his complaint, Estrada alleged he was operating the rail car at the time of the accident and was injured as a result of negligence on the part of both Southern Pacific and young Dolan.

Following trial by jury, a judgment in favor of plaintiff Estrada was entered against both defendants in the amount of $85,000. After the entry of judgment, the parties satisfied the judgment with Southern Pacific paying $64,864.96 and young Dolan's insurer paying $20,364.36. After the judgment was satisfied, Southern Pacific obtained a judgment of contribution against young Dolan pursuant to Code of Civil Procedure section 878, in the amount of $23,000. This sum represented the amount Southern Pacific paid in excess over its share of the judgment. After it became apparent that young Dolan had insufficient assets to satisfy the $23,000 judgment against him, Southern Pacific filed the present action against the parents[1] of young Dolan. Its complaint sets forth three causes of action predicated upon certain Vehicle Code sections each of which impose vicarious liability on persons other than drivers for the improper operation of automobiles. At the time of the accident, the three Vehicle Code sections read as follows: Section 17150. "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

Section 17707. "Any civil liability of a minor arising out of his driving a motor vehicle upon a highway during his minority is hereby imposed upon the person who signed and verified the application of the minor for a license and the person shall be jointly and severally liable with the minor for any damages proximately resulting from the negligence or wilful misconduct of the minor in driving a motor vehicle, except that an employer signing the application shall be subject to the provisions of this section only if an unrestricted driver's license has been issued to the minor pursuant to the employer's written authorization."

Section 17708. "Any negligence or wilful misconduct of a minor, whether licensed or not under this code, in driving a motor vehicle upon a highway with the express or implied permission of the parents or the person

---

[1]While both parents were named in the complaint as defendants, only the mother, Mrs. Jean Dolan, was served. The Dolans were not parties to the action by Estrada.

or guardian having custody of the minor shall be imputed to the parents, person, or guardian for all purposes of civil damages and the parents, person, or guardian shall be jointly and severally liable with the minor for any damages proximately resulting from the negligence or wilful misconduct."

In section 17707 the vicarious liability is imposed upon one who signs the driver's application of a minor; in section 17708 it is imposed upon parents who permit a minor to drive a motor vehicle; and in section 17150 it is imposed upon an owner who permits another person to drive the owner's vehicle. The single issue presented in the case at bench is whether a party who has obtained a judgment of contribution against a minor codefendant, can maintain an independent action under any of these three sections against persons made vicariously liable for the actions of that minor.

Appellant contends the clear and unambiguous language of each of the three Vehicle Code sections permits it to maintain an independent action against such persons. Appellant argues that since it has a judgment for contribution against the minor that is unsatisfied, it may proceed against the parents who are jointly and severally liable with the minor for his civil liabilities and damages. The basis of this assertion by appellant is language in each of the three code sections which, plaintiff contends, unequivocally allows recovery from one who is vicariously liable. Section 17150 stated, ". . . the negligence of such person [the minor] shall be imputed to the owner [respondent] *for all purposes of civil damages.*" (Italics added.) Section 17708[2] which was in effect at the time of the accident contained similar language: "Any negligence . . . of the minor shall be imputed to the parents . . . *for all purposes of civil damages. . . .*" (Italics added.) And in section 17707 it is stated that, "*Any civil liability of a minor . . .* is hereby imposed upon the person [the parent] who signed . . . for a license and the person [parent] shall be jointly and severally liable with the minor for *any damages. . . .*" (Italics added.) Appellant contends that the broad language of the sections "for all purposes of civil damages" and "any civil liability," places no limitation on the right to recover from one who is vicariously liable. Even though the language of sections 17150, 17707 and 17708 is not identical, appellant contends the meaning of each section is explicit and free of ambiguity and the thrust of each of the sections is the same. Since the statutes are unequivocal, the railroad argues that the lower court erred in ignoring their clear mandate by construing the statutes so as to preclude any recovery from respondent.

[2]Section 17708 was amended in 1967 after the date of the accident to conform to the language of section 17707.

Respondent on the other hand urges that these sections of the Vehicle Code confirm no right upon a joint tortfeasor to satisfy a judgment of contribution against one who may be vicariously liable for the acts of the other joint tortfeasor.

The general rule is that the meaning of a statute is determined from its language considered as a whole. (*City of Escondido* v. *Municipal Court* (1967) 253 Cal.App.2d 801, 805 [61 Cal.Rptr. 362], and cases cited therein.) Where the language used, given its ordinary and probable effect, is reasonably free from ambiguity and uncertainty, there is no room for construction. (*City of Escondido* v. *Municipal Court, supra*, at p. 805; *Alalunga Sport Fishers, Inc.* v. *County of San Diego* (1967) 247 Cal. App.2d 663, 666 [55 Cal.Rptr. 875]; see also *Gaumer* v. *County of Tehama* (1967) 247 Cal.App.2d 548, 551 [55 Cal.Rptr. 777].) This principle was eloquently put forth by the court in *Holder* v. *Superior Court* (1969) 269 Cal.App.2d 314 at page 317 [74 Cal.Rptr. 853] when it stated: "In any event, it should not be overlooked that a rule of construction becomes applicable only when uncertainty is found. . . . Clear statutory language no more needs to be interpreted than pure water needs to be strained."

Appellant applies these principles to the statutes in question and argues that the phrase "Any civil liability" in section 17707 and the phrases "for all purposes of civil damages" in sections 17708 and 17150 are clear in their meaning and do not require any interpretation at all.

In dealing with section 17150 and its predecessor, section 402, subdivision (a), the courts have been unable to construe it with the ease that appellant suggests. In *Bayless* v. *Mull* (1942) 50 Cal.App.2d 66, at page 69 [122 P.2d 608], the court stated: "While the language of the statute seems clear and unambiguous, it will be noted it does not define the phrase 'permission . . . of the owner'; nor does it lay down any formula or test for ascertaining what amounts to a 'permission' within the meaning of the statute. Moreover, the statute does not indicate whether the owner's potential liability runs with the car, so to speak, wherever it may be operated or used by the person who is entrusted with it, or whether the liability runs with the car only when it is operated or used at such times and places as the owner expressly or impliedly designates. The solution of these and other questions arising out of the statute will be aided, we think, by reference to the legal doctrines of tort liability which prevailed prior to the passage of the statute, and the conditions then existing which gave rise to it." And in *Weber* v. *Pinyan* (1937) 9 Cal.2d 226, at page 230 [70 P.2d 183, 112 A.L.R. 407], the Supreme Court noted that

section 1714¼ of the Civil Code (the forerunner of Veh. Code, § 402, subd. (a) and § 17150) would be easy of interpretation were it not for the confusion over the term negligence.

More specifically the phrase "for all purposes of civil damages" contained in section 17150 and its predecessor, section 402, subdivision (a), has been the specific target of judicial interpretation. In *Milgate v. Wraith* (1942) 19 Cal.2d 297 [121 P.2d 10], plaintiff loaned his car to one Cunningham who became involved in a collision with defendant. When plaintiff sued defendant for damages to plaintiff's car, defendant raised the defense of contributory negligence as to Cunningham, the permissive user. The trial court concluded the negligence of the permissive user should be imputed to the owner *for all purposes of civil damages.* The Supreme Court upheld the lower court on the ground that the language of section 402, subdivision (a) (now § 17150), was susceptible to such interpretation.

Although no cases have been discovered interpreting the phrase "any civil liability" found in section 17707 (and now in § 17708) it appears to us that it is no more clear and unequivocal than the phrase "for all purposes of civil damages." Moreover, we conclude that the three statutes should be construed in a like manner since their purposes appear similar. This conclusion finds support in *Rogers v. Foppiano* (1937) 23 Cal. App.2d 87 [72 P.2d 239]. In *Rogers* the court was concerned with the vicarious liability of defendants in their dual capacity as owners of a vehicle and also as the signers of the license application of their minor son. The resolution of the matter required the court to construe sections 402 and 352 of the Vehicle Code (now §§ 17150 and 17707) since the question presented was whether the vicarious liability created by the two sections was cumulative. The court's language at page 92 is instructive: "These sections of the Vehicle Code should be construed together. Reference to these sections discloses the fact that both of them relate to imputed negligence. It is a cardinal principle in construing statutes to ascertain if possible the intention of the Legislature in enacting them. It seems quite evident that, in adopting the sections 352 and 402 of the Vehicle Code, the Legislature intended to create a limited liability for imputed negligence against both the owner of an automobile and the signer of a driver's license."

In determining the legislative intention in enacting sections 17150, 17707 and 17708 we are guided by a fundamental rule of construction. "It is a cardinal rule that statutes should be given a reasonable interpretation and in accordance with the apparent purpose and intention of the law

makers." (*County of Alameda* v. *Kuchel* (1948) 32 Cal.2d 193, 199 [195 P.2d 17].)

There are several California cases which have commented on the legislative intent and purpose in enacting imputed negligence statutes. These all deal with the legislative intent in enacting the various statutes dealing with the vicarious liability of an owner, Vehicle Code section 17150, and its predecessors, Vehicle Code section 402, subdivision (a), and Civil Code section 1714¼. However, the reasoning of the courts in discussing the underlying legislative purpose in the enactment of the owner's liability statutes applies with equal force to the liability of a parent or a signer under sections 17707 and 17708.

In *Bayless* v. *Mull, supra,* 50 Cal.App.2d 66, the court traced the conditions which existed prior to the passage of section 402, subdivision (a) (now § 17150), and the evils it sought to remedy. The court noted the proliferation of automobile ownership and commented on legislative "efforts to curb the growing menace of death and injury in the operation of motor vehicles." (50 Cal.App.2d 66, 70.)

In *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.* (1962) 58 Cal.2d 142, 153 [23 Cal.Rptr. 592, 373 P.2d 640], the court stated the *entire* automobile financial responsibility law must be liberally construed to foster its main objective of giving " 'monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others.' " And at page 154 the court stated: "The pattern is clearly discernible: a desire on the part of the judiciary and the Legislature to not only prevent the astronomical accident toll in this state, but to also provide compensation for those injured through no fault of their own." Furthermore, it has been stated: ". . . the legislative purpose in the enactment of section 1714¼ of the Civil Code (now section 402 of the Vehicle Code [now § 17150]) was to protect innocent third parties from the careless use of automobiles. . . ." (*Burgess* v. *Cahill* (1945) 26 Cal.2d 320, 323 [158 P.2d 393, 159 A.L.R. 1304]. See also *Glens Falls Ins. Co.* v. *Consolidated Freightways* (1966) 242 Cal.App.2d 774, 781 [51 Cal.Rptr. 789]; *Mason* v. *Russell* (1958) 158 Cal.App.2d 391, 393 [322 P.2d 486]; *Webster* v. *Zevin* (1947) 77 Cal.App.2d 855, 859 [176 P.2d 960].)

■ We, therefore, hold that the legislative intent in the enactment of the statutes (Veh. Code, §§ 17150, 17707 and 17708) imposing vicarious liability upon owners, parents and signers of license applications, was

simply to protect innocent third parties from the careless use of automobiles.

Appellant, who was a defendant in the original action, and who was found to be negligent in causing injuries to the plaintiff in said action, can scarcely be deemed to be an innocent third party for whose benefit the vicarious liability statutes were enacted. We note the court in *Mason* v. *Russell, supra,* refused to follow the literal language of the statute that requires the negligence of a permissive user to be imputed to the owner *for all purposes of civil damages.* In *Mason* the owner (in a non-guest case) of the vehicle was injured by the negligent operation of the permissive driver. A literal reading of the statute would have imputed the permissive driver's negligence to the owner so as to bar recovery by the owner. The court refused to impute the driver's negligence to the owner. The court noted the purpose of the statute was to protect innocent third parties. "Necessarily, therefore, when the rights of third persons are not involved, such as in the present case . . . an entirely different situation is presented, and hence the reason for the imputation of negligence ceases." (*Mason* v. *Russell, supra,* 158 Cal.App.2d 391, 393.)

Our determination that the vicarious liability statutes were not intended to permit a joint tortfeasor to obtain contribution from one whose liability is imputed by statute does not in any way conflict with *Peterson* v. *Grieger, Inc.* (1961) 57 Cal.2d 43 [17 Cal.Rptr. 828, 367 P.2d 420], which held at pages 50-51, ". . . former section 402 [now § 17.150] must in general be liberally construed in accordance with 'the palpable intent of the Legislature to impose a new liability consonant with new conditions.' " In *Peterson* the permissive user allowed a subpermittee to drive without the express permission of the owner. The subpermittee drove the car in a negligent manner causing injuries to plaintiff. The issue was whether the driver was a permissive user whose negligence could be imputed to the owner. In liberally construing the statute to find permissive use the court noted "the paramount policy of former section 402 of protecting injured third parties in situations where it is impossible to collect damages from the negligent operator, . . ." (57 Cal.2d 43, 53.) This is consistent with our view that the palpable intent of the Legislature was to afford protection to innocent third parties only.

In *Morris* v. *Oney* (1963) 217 Cal.App.2d 864, at page 870 [32 Cal. Rptr. 88], quoting from 45 California Jurisprudence 2d, section 116, page 625, the court stated: " 'Statutes must be given a reasonable and common sense construction in accordance with the apparent purpose and intention of the lawmakers—one that is practical rather than technical, and that will lead to a wise policy rather than to mischief or absurdity.' "

If appellant's interpretation of the statutes were followed, certain absurd results would occur. Appellant cogently argues that it does not seek to stand in the victim's shoes, rather its action is an independent one that sprang into existence after the judgment of contribution was obtained. At that time, appellant asserts the vicarious liability statutes made respondent liable for "any civil liability" and "for any damages." Two unique results would follow from this assumption:

If the appellant's contention were correct its cause of action would be one created by statute with a resultant three-year statute of limitations (Code Civ. Proc., § 338, subd. 1.) The anomaly in such a result is apparent because the cases have held that a cause of action of an injured party arising out of these sections is one in tort and the one-year period of limitations would apply and not the three-year period. (*Sullivan* v. *Wright* (1954) 124 Cal.App.2d 836, 838 [269 P.2d 671]; *Franceschi* v. *Scott* (1935) 7 Cal.App.2d 494, 495 [46 P.2d 764].)

We further observe that the statutory limit of liability of one vicariously liable under any of the three sections at the time of the accident was $10,000 but had increased to $15,000 at the time of the judgment of contribution. (See Stats. 1963, ch. 403, §§ 1 and 3, p. 1211; and Stats. 1967, ch. 862, § 8.5, p. 2307, and § 11, p. 2308; and Veh. Code, §§ 17709 and 17151.) If appellant's theory were correct the original victim, Estrada, would have been limited to a recovery of $10,000 against the defendant, Mrs. Dolan, while appellant would be entitled to a judgment of $15,000.

Such unlikely results reinforce our view that the intent of the sections of the Vehicle Code under discussion was to protect only innocent third parties in actions that arose directly out of the accident. The statutes afford no relief to one in the position of plaintiff herein.

Judgment affirmed.

Molinari, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied September 20, 1972, and appellant's petition for a hearing by the Supreme Court was denied November 15, 1972.