[Civ. No. 43814. Second Dist., Div. One. Apr. 25, 1974.]

HERTZ CORPORATION, Plaintiff and Appellant, v.
WILLIAM F. PIPPIN et al., Defendants and Respondents.

**COUNSEL**

Joseph R. Carter, Jr., and Edward T. Fierstadt for Plaintiff and Appellant.

John J. Nolan, Jr., for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—In the case at bench, we consider an issue certified to us by the Appellate Department of the Los Angeles Superior Court as: "Since the amendment of section 17150 of the Vehicle Code in 1967, may the owner of a rented automobile damaged by the concurrent negligence of the hirer and the driver of another vehicle recover from the latter?" As did the appellate department, we answer that question in the affirmative. Accordingly, we reverse the judgment of the municipal court from which this appeal is taken and remand the cause for determination of the amount of appellant's damages. (Rule 62(a), Cal. Rules of Court.)

An engrossed statement on appeal establishes the facts of the case at

bench. On January 4, 1971, an automobile owned and driven by respondent collided with one driven by John Wetzel and rented to him by appellant. Appellant filed its action in the municipal court to recover damage to its vehicle and respondent cross-complained for personal injury and property damage. In findings not contested on this appeal, the municipal court determined that respondent was negligent and that his negligence was a proximate cause of damage to appellant's vehicle. It found also that Wetzel was contributorily negligent and that his negligence was also a proximate cause of the accident. The trial court concluded that neither party was entitled to recover. Appellant appealed from the resulting judgment.

■ Appellant contends, as it did before the trial court and appellate department, that an "innocent" bailor is not precluded from recovery of damages to its vehicle by the negligence of its bailee which contributed to damage caused by a third party defendant. That contention is supported by the common law and both the language and statutory history of Vehicle Code section 17150.

At common law and absent a statute, "a plaintiff is not barred from recovery by the negligent act or omission of a third person" absent some special relationship with that third person. (Rest. 2d Torts, § 485.) A bailor and bailee are not in such a special relationship that the bailee's negligence bars the bailor from recovery for harm to the bailed chattel. (Rest. 2d Torts, § 489.)[1]

Beginning in 1909, states other than California enacted statutory schemes imputing a bailee's negligence to the owner of a bailed automobile despite an absence of independent negligence of the owner. (See Prosser, Law of Torts (4th ed. 1971) pp. 486-487.) Until 1929, no such doctrine was recognized in California. (See, e.g., *Southern Pac. Transportation Co.* v. *Dolan,* 27 Cal.App.3d 534, 537-541 [104 Cal.Rptr. 131]; *Bayless* v. *Mull,* 50 Cal.App.2d 66, 69-72 [122 P.2d 608]; *Rogers* v. *Foppiano,* 23 Cal.App.2d 87, 93 [72 P.2d 239].) In 1929, the California Legislature enacted what is now Vehicle Code section 17150. "Originally that section provided only that an owner of an automobile was liable to innocent third persons for injuries and damages caused by the negligence of the owner's permittee

[1]At common law, a bailor might be barred from recovery for injury to the bailed chattel where he was in the relationship of principal and agent to the bailee, was a partner or joint venturer with the bailee, where he was independently negligent on a theory such as "negligent entrustment," or where he had a nondelegable duty to maintain the chattel in a safe condition. (See, e.g., *Syah* v. *Johnson,* 247 Cal.App.2d 534 [55 Cal.Rptr. 741]; *Maloney* v. *Rath,* 69 Cal.2d 442 [71 Cal.Rptr. 897, 445 P.2d 513, 40 A.L.R.3d 1].)

driver . . . ." (Friedenthal, *Imputed Contributory Negligence: The Anomaly in California Vehicle Code section 17150,* 17 Stan.L.Rev. 55; 8 Cal. Law Revision Com. Rep. (1966-1967) p. 527) In 1937, the Legislature amended section 17150 adding the words: "and the negligence of such person [the permissive operator] shall be imputed to the owner for all purposes of civil damages." (Stats. 1937, ch. 840.) In *Milgate* v. *Wraith,* 19 Cal.2d 297 [121 P.2d 10], the 1937 amendment was construed as creating the doctrine of "imputed contributory negligence" thus barring the owner from recovery for damage to his bailed automobile if negligence of a bailee-permissive user contributed to the damage.

Problems incident to the rule of imputed contributory negligence were referred by the Legislature to the Law Revision Commission in 1957 and again in 1962. (8 Cal. Law Revision Com. Rep. (1966-1967) p. 507.) The commission addressed itself primarily to two problems: decisional law limiting the basis of vicarious owners' liability to negligence, and excluding willful misconduct as a basis for liability (8 Cal. Law Revision Com. Rep. (1966-1967) pp. 508-510) and elimination of the rule of imputed contributory negligence (8 Cal. Law Revision Com. Rep. (1966-1967 pp. 510-511). As to the latter, it stated that: "Repeal of the provision of Section 17150 [enacted by the 1937 amendment] that imputes the contributory negligence of the operator to the owner would restore the owner's right to recover from the negligent third person." (8 Cal. Law Revision Com. Rep. (1966-1967) p. 511).) Accordingly, the commission recommended that Vehicle Code section 17150 be amended to strike from its provisions the words: "and the negligence of such person shall be imputed to the owner for all purposes of civil damages." It recommended also that Vehicle Code sections 17151, 17152, 17153, 17155, and 17156 be amended to delete reference to "imputed negligence" and that the phrase stricken from section 17150 also be stricken from Vehicle Code sections 17154, 17159, and 17708.

The Law Revision Commission recommendations were accepted by the Legislature which amended Vehicle Code section 17150 accordingly in 1967. That section now reads: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle . . . by any person using or operating the same with the permission, express or implied, of the owner." The 1967 elimination of the phrase "and the negligence of such person shall be imputed to the owner for all purposes of civil damages" from the statute thus reinstated the common law

rule that contributory negligence of a bailee is not charged to his bailor so as to bar the bailor's recovery for damages to the bailed property negligently caused by a third person. (See Review of Selected 1967 Code Legislation (Cont. Ed. Bar) p. 230.) The intent to reinstate that rule is manifest from the history of the 1967 legislation as recorded by the Law Revision Commission study and report.[2]

We thus conclude that appellant's right of recovery from respondent for damages caused to appellant's vehicle by respondent's negligence is not barred by the contributory negligence of appellant's bailee. The judgment is reversed with direction to the trial court to enter judgment for appellant in such amount as may be determined in further proceedings to determine damages.[3]

Lillie, Acting P. J., and Hanson, J., concurred.

---

[2]The comment on the proposed amendment to section 17150 which annotates the particular section refers to recovery by the vehicle owner for personal injury and makes no reference to property damage. (8 Cal. Law Revision Com. Rep. (1966-1967) p. 512.) The comment was adopted as that of the Senate (Deering's Cal. Codes Ann., Veh. Code, § 17150). There seems to be no particular significance in the limited reference in view of the statutory history and other language in the report of the Law Revision Commission.

[3]Respondent has filed no cross-appeal. We thus do not consider respondent's right to recover damages from appellant despite respondent's contributory negligence. (See *Li* v. *Yellow Cab Co.*, LA 30277, and *Williams* v. *Whittecar*, LA 30283, unpublished opinions of the Court of Appeal upholding the bar of contributory negligence in which hearing has been granted by our Supreme Court.)